IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRANS ENERGY, INC., a Nevada
Corporation; REPUBLIC PARTNERS
VI, LP, a Texas limited partnership;
REPUBLIC ENERGY VENTURES, LLC,
a Delaware Limited Liability Company; and
PRIMA OIL COMPANY, INC., a Delaware
Corporation,

    Plaintiffs,

v.    CIVIL ACTION NO. 1:11-cv-00075

EQT CORPORATION, a Pennsylvania
Corporation,

    Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

For its Answer to the Complaint filed by Trans Energy, Inc. ("Trans Energy"), Republic Partners VI, LP ("Republic Partners"), Republic Energy Ventures, LLC ("Republic Energy") and Prima Oil Company, Inc. ("Prima Oil") (collectively "Plaintiffs"), EQT Corporation states as follows:

### DEFENDANT EQT CORPORATION'S OBJECTION

At the outset, Defendant EQT Corporation objects to being named as a party to this lawsuit. EQT Corporation does not claim an interest in and to the natural gas within and underlying what is described through the Complaint and this Answer and Counterclaims as the Blackshere property. Rather, EQT Production Company, a Pennsylvania corporation, holds all right, title and interest to the natural gas within and underlying the Blackshere property under

what is described as the Blackshere Lease. Accordingly, the Defendant requests that the Court require Plaintiffs to file an amended complaint, under Rule 15 of the Federal Rules of Civil Procedure, naming EQT Production Company as the correct corporate entity and defendant in this matter and dismissing EQT Corporation. As EQT Production Company is a Pennsylvania corporation, doing business in West Virginia, with offices in Charleston, West Virginia this substitution of parties will not affect the Court's jurisdiction over this matter.

The following responses to Plaintiffs' factual averments and claims are made on behalf of EQT Production Company ("EQT"):

## EQT'S RESPONSES

1. EQT admits the allegations set forth in Paragraph 1 of the Complaint.

2. EQT admits the allegations set forth in Paragraph 2 of the Complaint.

3. EQT admits the allegations set forth in Paragraph 3 of the Complaint.

4. EQT admits the allegations set forth in Paragraph 4 of the Complaint.

5. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

6. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies same and demands strict proof thereof.

7. In response to Paragraph 7 of the Complaint and as set forth in the objection above, EQT Corporation states that it is not the proper defendant in this matter. EQT Production Company is the proper defendant.

8. EQT admits the allegations set forth in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, EQT admits that the property at issue is a 3,800 acre tract of land substantially located and situated in Grant District, Wetzel County, West Virginia and Doddridge County, West Virginia and that it is known to Plaintiffs as the Blackshere property. The remainder of Paragraph 9 sets forth legal conclusions rather than factual averments to which no response is required from EQT.

10. In response to Paragraph 10 of the Complaint, EQT states that the document attached as Exhibit A to the Complaint speaks for itself. In further response to Paragraph 10 of the Complaint, EQT admits that Exhibit A is the oil and gas lease from John Blackshere to South Penn Oil Company dated February 20, 1892, and is of record in the Office of the Clerk of the County Commission of Wetzel County, West Virginia (the "Clerk's office"), in Deed Book 35, at page 547 (the "Blackshere Lease"). EQT is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11. EQT admits the allegations set forth in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, EQT denies that Cobham Gas Industries, Inc. acquired the right, title, and interest in the natural gas underlying the Blackshere property under the Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint. The Memorandum of Assignment and Bill of Sale explicitly notes that only Pennzoil Products Company's rights to the *oil* underlying the Blackshere property were conveyed to Cobham Gas Industries, Inc. In further response to Paragraph 12 of the Complaint, EQT states that the document attached as Exhibit B to the Complaint speaks for itself and admits that it is of record in the Clerk's office, not in Deed Book 76, at page 704, but in Deed Book 76A, Page 704.

13. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

14. EQT denies the allegations set forth in Paragraph 14 of the Complaint as they relate to the right, title and interest to the natural gas within and underlying the Blackshere property. EQT specifically denies that Cobham Gas Industries, Inc. acquired the right, title, and interest in the natural gas underlying the Blackshere property under the Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint. The Memorandum of Assignment and Bill of Sale explicitly notes that only Pennzoil Products Company's rights to the oil underlying the Blackshere property were conveyed to Cobham Gas Industries, Inc., by the instrument recorded in the Clerk's office in Deed Book 76A, at page 704.

15. In response to Paragraph 15 of the Complaint, EQT denies that Prima Oil Company acquired the right, title, and interest in the gas underlying the Blackshere property under the Confirmatory Assignment and Bill of Sale attached as Exhibit C to the Complaint because Cobham Gas Industries, Inc. did not possess the right, title and interest in such gas. In further response to Paragraph 15 of the Complaint, EQT states that the document attached as Exhibits C to the Complaint speaks for itself and admits it is of record in the Clerk's office, not in Deed Book 87, at page 190, but in Deed Book 87A, at page 190.

16. EQT denies the allegations set forth in Paragraph 16 of the Complaint as they relate to the right, title and interest to the natural gas within and underlying the Blackshere property. The Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint is of record in the Clerk's office and explicitly notes that Pennzoil Products Company conveyed only its rights to the oil underlying the Blackshere property to Cobham Gas Industries,

Inc. Therefore, the Memorandum of Assignment and Bill of Sale, attached as Exhibit A to the Complaint, provided Prima Oil Company, Inc. with actual, constructive and record notice that it did not acquire any right, title or interest to the natural gas within and underlying the Blackshere property.

17. In response to Paragraph 17 of the Complaint, EQT states that the referenced document speaks for itself, but denies the implication that Republic Partners VI, LP acquired any right, title and interest to the natural gas within and underlying the Blackshere property by the instrument described as effective December 1, 2008, as corrected July 16, 2011, from Trans Energy, Inc., and Prima oil Company, Inc., to Republic Partners VI, LP, and recorded in the Clerk's office in Deed Book 111A, at page 942.

18. In response to Paragraph 18 of the Complaint, EQT denies that Republic Energy possesses an overriding royalty interest in the natural gas within and underlying the Blackshere property under the lease.

19. EQT admits the allegations set forth in Paragraph 19 of the Complaint.

20. EQT admits the allegations set forth in Paragraph 20 of the Complaint.

21. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22. EQT denies the allegations set forth in Paragraph 22 of the Complaint as they relate to chain of title from South Penn Oil Company to Plaintiffs and to the right, title and interest to the natural gas conveyed to South Penn Oil Company under the Blackshere Lease.

23. EQT admits that South Penn Oil Company and Hope Natural Gas Company at one time were wholly owned subsidiaries of the same company as set forth in Paragraph 23 of

the Complaint. EQT is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 23 of the Complaint and therefore denies same and demands strict proof thereof.

24. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

25. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 26 of the Complaint and therefore denies same and demands strict proof thereof.

27. In response to Paragraph 27 of the Complaint, EQT states the October 1, 1922 document speaks for itself.

28. EQT is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 28 of the Complaint and therefore denies same and demands strict proof thereof.

29. EQT is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 29 of the Complaint and therefore denies same and demands strict proof thereof.

30. EQT admits the allegations set forth in Paragraph 30 of the Complaint and affirmatively states that it is the successor-in-interest to and holds the right, title and interest to the natural gas within and underlying the Blackshere property.

31. In response to Paragraph 31 of the Complaint, EQT states that the document attached as Exhibits D to the Complaint speaks for itself. The remaining allegations set forth in Paragraph 31 of the Complaint are legal conclusions rather than factual averments to which no response is required from EQT.

32. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in the first two sentences of Paragraph 32 of the Complaint and therefore denies same and demands strict proof thereof. The remaining items set forth in Paragraph 32 of the Complaint are legal conclusions which no response is required from EQT.

33. EQT is without sufficient information or knowledge upon its review of the West Virginia Department of Environmental Protection ("DEP") website to either admit or deny the allegations set forth in Paragraph 33 of the Complaint and therefore denies same and demands strict proof thereof. In further responses to Paragraph 33, EQT states that upon its review of the DEP website, the twenty-one (21) wells -- not 22 as alleged -- wells identified by API numbers, five are described as active oil wells, seven are described as active gas wells, two are described as abandoned oil wells, three are described as abandoned gas wells, three are described as abandoned wells of unknown product, and one is described as never having been drilled.

34. EQT admits the allegations set forth in Paragraph 34 of the Complaint, with the exception that EQT Corporation is the operator of record with regard to the referenced gas well and affirmatively states that it is the operator of record of the gas well.

35. EQT adopts and incorporates its response to Paragraph 1 through 34 as if set forth herein verbatim.

36. EQT denies the allegations set forth in Paragraph 36 of the Complaint as they relate to the right, title and interest to the natural gas under the Blackshere property.

37. EQT denies the allegations set forth in Paragraph 37 of the Complaint as they relate to the right, title and interest to the natural gas under the Blackshere property. The remaining allegations set forth in Paragraph 37 of the Complaint are legal conclusions to which no response is required from EQT.

38. EQT denies the allegations set forth in Paragraph 38 of the Complaint as they relate to the right, title and interest to the natural gas under the Blackshere property.

39. EQT denies the allegations set forth in Paragraph 39 of the Complaint as they relate to the natural gas within and underlying the Blackshere property. The Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint is of record in the Clerk's office and explicitly states that Pennzoil Products Company conveyed only its rights to the *oil* underlying the Blackshere property to Cobham Gas Industries, Inc. Therefore, the Memorandum of Assignment and Bill of Sale provided Prima Oil Company, Inc., with actual, constructive and/or record notice that it did not acquire any right, title or interest to the natural gas within or underlying the Blackshere property.

40. EQT denies the allegations set forth in Paragraph 40 of the Complaint as they relate to the natural gas within and underlying the Blackshere property. The Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint is of record in the Clerk's office and explicitly states that Pennzoil Products Company conveyed only its rights to the *oil* underlying the Blackshere property to Cobham Gas Industries, Inc. Therefore, the Memorandum of Assignment and Bill of Sale puts any third party purchaser, including Plaintiffs, on notice as to the interests they were acquiring within and underlying the Blackshere property.

41. The allegations set forth in Paragraph 41 of the Complaint are not directed to EQT and therefore do not require a response from EQT, but EQT acknowledges that Plaintiffs seek to

extract Marcellus Shale gas from the within and underlying Blackshere property in contravention of and trespass against EQT's rights, title and interest thereto.

42. EQT denies the allegations forth in Paragraph 42 of the Complaint. The documents of record explicitly state that Pennzoil Products Company conveyed only its rights to the *oil* underlying the Blackshere property to Cobham Gas Industries, Inc. and there is no need to resort to a quiet title claim.

43. In response to Paragraph 43 of the Complaint, EQT denies that Plaintiffs have an interest in the natural gas within and underlying the Blackshere property, much less "rightful title" to same.

44. EQT adopts and incorporates its response to Paragraph 1 through 43 as if set forth herein verbatim.

45. Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required from EQT.

46. Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required from EQT.

47. In response to Paragraph 46 of the Complaint, EQT denies that Plaintiffs have an interest in the natural gas within and underlying the Blackshere property, much less "rightful title" to same.

48. Paragraph 48 of the Complaint does not set forth factual averments to which a response is required from EQT; however, EQT denies that Plaintiffs are entitled to a declaration that they have an interest in the natural gas within and underlying the Blackshere property.

49. Paragraph 49 of the Complaint sets forth legal conclusions rather than factual averments to which no response is required from EQT; however, EQT denies that Prima Oil

Company, Inc. is a bona fide purchaser or that it is entitled to a declaration that it has an interest in the natural gas within and underlying the Blackshere property.

50. EQT denies the allegations set forth in Paragraph 50 of the Complaint as they relate to the natural gas within and underlying the Blackshere property. The Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint is of record in the Clerk's office and explicitly states that Pennzoil Products Company conveyed only its rights to the oil underlying the Blackshere property to Cobham Gas Industries, Inc. Therefore, the Memorandum of Assignment and Bill of Sale provided Prima Oil Company, Inc. with actual, constructive and/or record notice that it did not acquire any right, title or interest to the gas within or underlying the Blackshere property.

51. In response to Paragraph 51 of the Complaint, EQT states that Plaintiffs have no right to the natural gas within and underlying the Blackshere property. The documents of record explicitly state that Pennzoil Products Company conveyed only its rights to the *oil* underlying the Blackshere property to Cobham Gas Industries, Inc. and there is no need to resort to a declaratory judgment claim.

52. Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required from EQT.

53. EQT adopts and incorporates its response to Paragraph 1 through 52 as if set forth herein verbatim.

54. EQT is without sufficient information or knowledge upon its review of the West Virginia DEP website to either admit or deny the allegations set forth in Paragraph 54 of the Complaint and therefore denies same and demands strict proof thereof.

55. EQT is without sufficient information or knowledge to either admit or deny the

allegations set forth in Paragraph 55 of the Complaint and therefore denies same and demands strict proof thereof.

56. EQT denies the allegations set forth in Paragraph 56 of the Complaint.

57. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 57 of the Complaint and therefore denies same and demands strict proof thereof.

58. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 58 of the Complaint and therefore denies same and demands strict proof thereof.

59. EQT denies the allegations set forth in Paragraph 59 of the Complaint.

60. EQT denies the allegations set forth in Paragraph 60 of the Complaint.

61. EQT adopts and incorporates its response to Paragraph 1 through 60 as if set forth herein verbatim.

62. EQT is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 62 of the Complaint and therefore denies same and demands strict proof thereof.

63. EQT denies the allegations set forth in Paragraph 63 of the Complaint as they relate to the natural gas within and underlying the Blackshere property. The Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint is of record in the Clerk's office and explicitly states that Pennzoil Products Company conveyed only its rights to the *oil* underlying the Blackshere property to Cobham Gas Industries, Inc. Therefore, the Memorandum of Assignment and Bill of Sale provided Prima Oil Company, Inc. with actual, constructive and/or record notice that it did not acquire any right, title or interest to the natural gas within or

underlying the Blackshere property.

64. EQT denies the allegations set forth in Paragraph 64 of the Complaint.

65. EQT denies the allegations set forth in Paragraph 65 of the Complaint.

66. EQT denies the allegations set forth in Paragraph 66 of the Complaint.

67. EQT admits the allegations set forth in Paragraph 67 of the Complaint, with the exception that EQT Production Corporation is the operator of record with regard to the referenced well and affirmatively states that it is the operator of record of the well. In further response to Paragraph 67 of the Complaint, EQT denies the implication that it has abandoned or otherwise surrendered any of its right, title and/or interest to the natural gas under the Blackshere property.

68. Paragraph 68 of the Complaint sets forth legal conclusions rather than factual averments to which a response is required from EQT; however EQT vehemently denies the implication that it would be inequitable for this Court to recognize and uphold its interest in and to the natural gas within and underlying the 3,800 acre tract known as the Blackshere property.

69. Paragraph 69 of the Complaint sets forth legal conclusions rather than factual averments to which a response is required from EQT; however EQT vehemently denies that it would be inequitable for this Court to recognize and uphold its interest in and to the gas within and underlying the 3,800 acre tract known as the Blackshere property.

70. Paragraph 70 of the Complaint sets forth legal conclusions rather than factual averments to which a response is required from EQT; however EQT vehemently denies Plaintiffs hold an equitable interest in and to the natural gas within and underlying the 3,800 acre tract known as the Blackshere property. Further, EQT denies any and all allegations set forth in Complaint which it has have not specifically admitted herein. EQT also denies that Plaintiffs are

entitled to any measure of relief as set forth in the Complaint.

## AFFIRMATIVE DEFENSES

*First Defense*

EQT asserts the defense of unclean hands.

*Second Defense*

EQT asserts the defense of laches.

*Third Defense*

EQT asserts the defense of estoppel.

*Fourth Defense*

EQT asserts the defense of the statute of frauds.

*Reservation of Defenses*

EQT gives notice that it intends to rely upon such other defenses as might become available or apparent during discovery proceedings in this action and hereby reserves the right to assert such defenses.

## COUNTERCLAIMS

*Preliminary Statement as to Counterclaims*

EQT makes the following counterclaims in this action pursuant to West Virginia Code § 55-13-1, *et seq.,* the common law of West Virginia and Rule 65 of the Federal Rules of Civil Procedure, against Plaintiffs, Trans Energy, Republic Partners, Republic Energy and Prima Oil, which wrongly assert right, title and interest in and to the gas within and underlying the Blackshere property.

### COUNTERCLAIM COUNT I:  DECLARATORY RELIEF

71. EQT holds a valid and subsisting lease to the gas within and underlying the Blackshere property through the Blackshere Lease.

72. Plaintiffs have asserted an interest in the gas within and underlying the Blackshere property when none of them has any right, title or interest in or to the gas therein or thereunder, which they claim under the Memorandum of Assignment and Bill of Sale attached as Exhibit B to the Complaint.

73. Pennzoil Products Company did not have any right, title or interest in the gas within and underlying the Blackshere property and therefore could not have conveyed the same to Cobham Gas Industries, Inc., Plaintiffs' predecessor in interest.

74. Further, the Memorandum of Assignment and Bill of Sale explicitly states that Pennzoil Products Company conveyed only its rights to the oil underlying the Blackshere property to Cobham Gas Industries, Inc.  Therefore, the Memorandum of Assignment and Bill of Sale provided Prima Oil Company, Inc. with actual, constructive and record notice that it did not acquire any right, title or interest to the gas within or underlying the Blackshere property.

75. Based on the foregoing, and Plaintiffs' spurious claims, there exists an actual justiciable controversy as to the ownership of the gas estate within and underlying the Blackshere property under the Blackshere Lease.

76. To resolve the aforesaid controversy, EQT requests that this Court declare the respective rights of the parties in this matter and, specifically, that the Court declare that EQT has a subsisting and superior right, title and interest in and to the gas within and underlying the Blackshere property.

WHEREFORE, EQT prays that this Court grant the following relief:

A. A declaration under West Virginia Code § 55-13-1, *et seq.*, that EQT that EQT has a subsisting and superior right, title and interest in and to the natural gas within and underlying the Blackshere property, and that Plaintiffs have no right, title or interest in and to the natural gas within and underlying the Blackshere property;

B. That Plaintiffs be ejected from the natural gas estate within and underlying the Blackshere property and permanently enjoined from asserting or exercising title, control or dominion over or use of the natural gas within and underlying the Blackshere property; and

C. That EQT be granted such other and further relief as may be just and proper, including the costs and reasonable attorney fees incurred in this action.

## COUNTERCLAIM COUNT II: TRESPASS

77. The allegations contained in Paragraphs 71 through 76, *infra*, are incorporated by reference as if set out fully herein.

78. Under the Confirmatory Assignment and Bill of Sale attached as Exhibit B to the Complaint, Prima Oil claims an interest in the natural gas within and underlying the Blackshere property.

79. Under the conveyance effective December 1, 2008, as corrected July 16, 2010, Prima Oil and Trans Energy assigned a portion of its claimed interest in the natural gas within and underlying the Blackshere property to Republic Partners. Republic Partners claims an interest in the natural gas within and underlying the Blackshere property by virtue of the

15

assignment. On December 3, 2010, Trans Energy applied to the DEP for a permit to drill a new Marcellus Shale gas well to be located on the Blackshere property.

80. By Plaintiffs' own admissions, some or all of them have operated and produced gas from wells located on the Blackshere property and/or are operating and producing gas from wells located on the Blackshere property.

81. Thus, some or all of Plaintiffs have trespassed and continue to trespass on the natural gas estate of EQT within and underlying the Blackshere property under the Blackshere Lease. In doing so, some or all of Plaintiffs acted in bad faith.

82. Some or all of Plaintiffs have been wrongfully and unlawfully enriched by their trespass on the natural gas estate within and underlying the Blackshere property under the Blackshere Lease in contravention of and derogation of the right, title and interest of EQT.

WHEREFORE, EQT prays that this Court grant the following relief:

A. Ejectment of Plaintiffs from the natural gas estate within and underlying the Blackshere property;

B. Forfeiture of Plaintiffs' wells, gathering and transportation lines and other appurtenances located on the Blackshere property;

C. Compensatory trespass damages including, but not limited to the amount of damages incurred by EQT for the loss of its natural gas;

D. Punitive damages;

E. Attorneys' fees and costs in prosecuting this action;

F. Trial by jury on all issues so triable; and

G. Such other and further relief as may be just and proper.

### COUNTERCLAIM COUNT III: CONVERSION

83. The allegations contained in Paragraphs 71 through 82, *infra*, are incorporated by reference as if set out fully herein.

84. Plaintiffs have wrongfully and unlawfully converted and are continuing to convert the natural gas within and underlying the Blackshere property under the Blackshere Lease for their own benefit.

85. Some or all of Plaintiffs have been wrongfully and unlawfully enriched by their continuing conversion of the gas estate of EQT within and underlying the Blackshere property under the Blackshere Lease.

WHEREFORE, EQT prays that this Court grant the following relief:

    A. An accounting of and for the wrongfully converted natural gas;

    B. Compensatory conversion damages including, but not limited to the amount of damages incurred by EQT for the loss of its gas;

    C. Punitive damages;

    D. Attorneys' fees and costs in prosecuting this action;

    E. Trial by jury on all issues so triable; and

    F. Such other and further relief as may be just and proper.

### COUNTERCLAIM COUNT IV: WASTE

86. The allegations contained in Paragraphs 71 through 85, *infra*, are incorporated by reference as if set out fully herein.

87. Some or all Plaintiffs have committed waste as to the natural gas within and underlying the Blackshere property under the Blackshere Lease.

88.    In doing so, some or all Plaintiffs have acted with willful and wanton disregard for the rights, title and interest of EQT to the natural gas within and underlying the Blackshere property under the Blackshere Lease.

WHEREFORE, EQT prays that this Court grant the following relief:

    A.    An accounting of and for the wasted natural gas;

    B.    Compensatory waste damages including, but not limited to the amount of damages incurred by EQT for the loss of its gas;

    C.    Treble damages pursuant to W. Va. Code § 37-7-4;

    D.    Punitive damages;

    E.    Attorneys' fees and costs in prosecuting this action;

    F.    Trial by jury on all issues so triable; and

    G.    Such other and further relief as may be just and proper.

EQT PRODUCTION COMPANY

*By its counsel*

LEWIS GLASSER CASEY & ROLLINS PLLC

/s/ Richard L. Gottlieb_____
Richard L. Gottlieb (WV Bar 1447)
Mark A. Sadd (WV Bar 6005)
Ramonda C. Lyons (WV Bar 6927)
300 Summers Street, Suite 700
P.O. Box 1746
Charleston, WV  25326
Phone:  304-345-2000
Fax:      304-343-7999

## CERTIFICATE OF SERVICE

I, Ramonda C. Lyons, hereby certify that on the 11th day of July, 2011, I electronically filed the *Defendant's Answer to Complaint and Counterclaims* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew G. Fusco, Esq.
>Kimberly S. Croyle, Esq.
>Dylan C. Lewis, Esq.
>Bowles Rice McDavid Graff & Love LLP
>7000 Hampton Center
>Morgantown, WV  26505
>*Counsel for Plaintiffs*

/s/ Ramonda C. Lyons_____
Ramonda C. Lyons