IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRANS ENERGY, INC.,
a Nevada corporation,
REPUBLIC PARTNERS VI, LP,
a Texas limited partnership,
REPUBLIC ENERGY VENTURES, LLC,
a Delaware limited liability company
and PRIMA OIL COMPANY, INC.,
a Delaware corporation,

      Plaintiffs,

v.                            Civil Action No. 1:11CV75
                                        (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

I.  <u>Background</u>

In 1892, John Blackshere and South Penn Oil Company entered
into an oil and gas lease covering the 3,800 acre property known as
"Blackshere." Blackshere is substantially located in both Wetzel
County, West Virginia and Doddridge County, West Virginia. In
1963, South Penn Oil Company changed its name to Pennzoil Company.
Pennzoil Products Company ("Pennzoil"), a successor-in-interest to
Pennzoil Company, and Cobham Gas Industries, Inc. ("Cobham")
recorded a memorandum of assignment and bill of sale in 1996. The
complaint alleges that this document conveyed all of Pennzoil's
right, title, and interest in the oil and gas underlying the
Blackshere property to Cobham. The complaint further alleges that

in 2004, Cobham conveyed all right, title and interest in the oil and gas underlying the Blackshere property ("Blackshere lease") to Prima Oil Company, Inc. ("Prima"). Finally, the complaint avers that Trans Energy, Inc. ("Trans Energy")[1] and Prima assigned a portion of the Blackshere lease to Republic Partners VI, LP ("Republic Partners"). Republic Energy Ventures, LLC ("Republic Energy") allegedly possesses an overriding royalty interest in the Blackshere lease.

On or around December 3, 2010, Trans Energy applied to the West Virginia Department of Environmental Protection for a permit to drill a new Marcellus shale gas well to be located on Blackshere. Around January 25, 2011, Trans Energy was granted the permit[2] for a new Marcellus shale gas well. The complaint alleges that after receipt of the permit, Prima and Republic Partners engaged counsel to perform a title examination.

Plaintiffs claim that their retained counsel found an unbroken chain of title from South Penn Oil Company to Prima, such that Prima acquired all of South Penn Oil's right to title and interest under the Blackshere lease. Plaintiffs' counsel then allegedly conducted an adverse search of Hope Natural Gas Company ("Hope

---

[1]Plaintiffs claim that Prima Oil Company, Inc. is a wholly-owned subsidiary of Trans Energy, Inc.

[2]Gas well permit identified as API-47-103-02615H.

Natural Gas")[3] to determine if Hope Natural Gas had any claim to the Blackshere lease, despite the fact that counsel did not uncover a record indicating that South Penn conveyed any interest prior to the Cobham assignment or that Hope Natural Gas acquired an interest from South Penn or its successors-in-interest.

Plaintiffs' counsel was also allegedly aware of the existence of an unrecorded letter in 1922, purportedly clarifying and modifying the terms and provisions of an unrecorded 1902 working agreement between South Penn and Hope Natural Gas. Plaintiffs believe that South Penn and Hope Natural Gas may have operated under the unrecorded working agreement, which they believe defined the rights of both companies as to the oil and gas leases in approximately fifteen unspecified counties in West Virginia. Plaintiffs aver that it is unknown whether Wetzel County is one of the unspecified counties. Finally, the plaintiffs allege that their counsel discovered the existence of a separate chain of title to the Blackshere lease deriving from Hope Natural Gas. The defendant, EQT Production Company ("EQT"), is a successor-in-interest to Hope Natural Gas and therefore claims to derive any title to Blackshere from the Hope Natural Gas chain of title.

The plaintiffs, Trans Energy, Republic Partners, Republic Energy Ventures, LLC and Prima filed a complaint in this Court

---

[3]Hope Natural Gas Company and South Penn Oil Company were wholly-owned subsidiaries of the same parent company.

requesting an action to quiet title, declaratory relief, equitable relief, and alleging adverse possession, all with regards to Blackshere. In its answer, the defendant filed counterclaims against the plaintiffs requesting declaratory relief and alleging trespass, conversion, and waste. The plaintiffs then filed a motion for leave to file an amended complaint, seeking to add three counts to the complaint -- trespass, conversion, and waste. The defendant responded to the plaintiffs' motion for leave to file an amended complaint without objection.

## II. <u>Applicable Law</u>

Motions to amend are granted to the discretion of the trial court and Rule 15(a) affords the district court broad discretion concerning motions for leave to amend pleadings. <u>Keller v. Prince George's Cnty.</u>, 923 F.2d 30, 33 (4th Cir. 1991); Fed. R. Civ. P. 15(a). Rule 15(a)(1) states, in pertinent part, that "["[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of . . . a motion under Rule 12(b)." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Further, leave to amend should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984). Finally, "any party filing a motion to amend a pleading that requires leave of court to file, shall attach to that motion a signed copy of the proposed amended pleading." LR Civ P 15.01.

### III.   <u>Discussion</u>

Pursuant to the scheduling order issued by this Court on September 12, 2011, all motions to amend the pleadings must have been filed before May 9, 2012. Plaintiffs timely submitted their motion for leave to file an amended complaint on May 8, 2012. In support of their motion to file an amended complaint, the plaintiffs claim that, although the defendant would not be prejudiced by permitting the plaintiffs to file an amended complaint, the plaintiffs would be severely prejudiced if their motion is denied. EQT does not oppose the plaintiffs' motion to file amended complaint but reserves the right to seek dismissal of the additional counts set forth in the amended complaint.

Plaintiffs properly followed Local Rule of Civil Procedure 15.01 and attached to their motion to file an amended complaint a signed copy of the amended complaint. Further, because the motion

was timely and the defendant does not object, this Court approves the motion to amend.

## IV.  Conclusion

For the reasons stated above, the plaintiffs' motion for leave to file an amended complaint is GRANTED.  The Clerk is DIRECTED to file the amended complaint, which is attached as Exhibit A to the motion (ECF No. 27).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 21, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE