## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## At Wheeling

**TRANS ENERGY, INC.**, a
Nevada Corporation,
**REPUBLIC PARTNERS VI**,
LP, a Texas limited partnership,
**REPUBLIC ENERGY VENTURES**,
LLC, a Delaware Limited Liability
Company, and **PRIMA OIL COMPANY**,
**INC.**, a Delaware Corporation,

        Plaintiffs,

                                      CIVIL ACTION NO. 1:11-cv-00075

Vs.

**EQT PRODUCTION COMPANY**, a
Pennsylvania Corporation,

        Defendant.

## AMENDED COMPLAINT

COME NOW Plaintiffs Trans Energy, Inc., Republic Partners VI, LP, Republic Energy Ventures, LLC and Prima Oil Company, Inc., by their counsel, Andrew G. Fusco, Kimberly S. Croyle, Dylan C. Lewis, and Bowles Rice McDavid Graff & Love LLP, for their Amended Complaint against Defendant EQT Production Company and hereby allege and state as follows:

    1.    Plaintiff Trans Energy, Inc. is a corporation chartered in the State of Nevada, having its principal office in the State of West Virginia and which does business in the State of West Virginia.  The mailing address for the principal office of Trans Energy, Inc. is P.O. Box 393, St. Marys, West Virginia  26170.

    2.    Plaintiff Republic Partners VI, LP is a  Texas limited partnership which does business in the State of West Virginia.  The mailing address for its agent for service of

process in West Virginia is c/o Trans Energy, Inc., P.O. Box 393, St. Marys, West Virginia 26170.

3. Plaintiff Republic Energy Ventures, LLC is a limited liability company organized in the State of Delaware which does business in the State of West Virginia. The mailing address of its registered office in West Virginia is 210 Second Street, P.O. Box 393, St. Marys, West Virginia 26170.

4. Plaintiff Prima Oil Company, Inc. is a corporation chartered in the State of Delaware, having its principal office in the State of Delaware and which does business in the State of West Virginia. The mailing address of its registered office in West Virginia is 210 Second Street, P.O. Box 393, St. Marys, West Virginia 26170.

5. Plaintiff Prima Oil Company, Inc. is a wholly owned subsidiary of Trans Energy, Inc.

6. In regard to the issues, allegations and statements set forth and herein, the interests of Plaintiffs are identical.

7. Defendant EQT Production Company is a corporation chartered in the Commonwealth of Pennsylvania, having its principal office in the Commonwealth of Pennsylvania and which does business in the State of West Virginia. The mailing address of its agent of process is CT Corporation System, 707 Virginia Street East, Charleston, West Virginia 25301.

8. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs; complete diversity exists among the parties, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

9. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 since the property subject of this action is situated in the Wheeling Division of the Northern Judicial District of West Virginia. The property at issue is a 3,800 acre tract of land substantially located and situate in Grant District, Wetzel County, West Virginia and Doddridge County, West Virginia. This 3,800 acre tract of land is known as "Blackshere".

10. On February 20, 1892, John Blackshere and South Penn Oil Company entered into an oil and gas lease covering the Blackshere property. South Penn Oil Company acquired this lease for the sole and only purpose of mining and operating for oil and gas and recorded the same in the office of the Clerk of the County Commission of Wetzel County in Deed Book 35 at page 547. See Exhibit A, attached hereto and made a part hereof by reference for all purposes.

11. In and around 1963 South Penn Oil Company changed its name to Pennzoil Company.

12. On October 15, 1996, Pennzoil Products Company, a successor-in-interest to Pennzoil Company, and Cobham Gas Industries, Inc. recorded a Memorandum of Assignment and Bill of Sale in the office of the Clerk of the County Commission of Wetzel County in Deed Book 76 page 704. Said memorandum memorialized the sale, transfer, assignment and conveyance of all Pennzoil Products Company's right, title and interest in the oil and gas underlying the Blackshere property to Cobham Gas Industries, Inc. See Exhibit B, attached hereto and made a part hereof by reference for all purposes.

13. Thereafter, Pennzoil underwent various name changes which did not affect the October 15, 1996 Memorandum of Assignment and Bill of Sale.

14. Cobham Gas Industries, Inc. acquired the lease to the Blackshere property with no actual, constructive or record notice of any competing interest in the same.

15. On November 5, 2004, Cobham Gas Industries, Inc. and Prima Oil Company, Inc. recorded a Confirmatory Assignment and Bill of Sale in the office of the Clerk of the County Commission of Wetzel County in Deed Book 87 page 190. Said Confirmatory Assignment and Bill of Sale memorialized the sale, transfer, assignment and conveyance of all Cobham Gas Industries, Inc.'s right, title and interest in the oil and gas underlying the Blackshere property to Prima Oil Company, Inc. (hereinafter, "The Blackshere Lease") See Exhibit C, attached hereto and made a part hereof by reference for all purposes.

16. Prima Oil Company, Inc. acquired The Blackshere Lease with no actual, constructive or record notice of any competing interest in the same.

17. By conveyance effective December 1, 2008, as corrected July 16, 2010, recorded in the office of the Clerk of the County Commission of Wetzel County in Deed Book 111A page 942, Trans Energy, Inc. and Prima Oil Company, Inc. assigned a portion of the mineral lease to Republic Partners VI, LP.

18. Republic Energy Ventures, LLC possesses an overriding royalty interest in The Blackshere Lease.

19. On or around December 3, 2010, Trans Energy, Inc. applied to the West Virginia Department of Environmental Protection for a permit to drill a new Marcellus Shale gas well to be located on the Blackshere property.

20. On or around January 25, 2011, Trans Energy, Inc. was granted said permit for a new Marcellus Shale gas well, said permit being identified as API-47-103-02615H.

21. Upon receipt of said permit, Prima Oil Company, Inc. and Republic Partners VI, LP engaged counsel to perform a title examination and to issue a drilling title opinion covering The Blackshere Lease.

22. Counsel performing the title examination for Prima Oil Company, Inc. and Republic Partners VI, LP found an unbroken chain of title from South Penn Oil Company to Prima Oil Company, Inc., such that Prima Oil Company, Inc. acquired all South Penn Oil Company's right title and interest under The Blackshere Lease.

23. Based upon counsel's expertise in mineral titles and particular prior experience in abstracting South Penn Oil Company leases, counsel conducted an adverse search of Hope Natural Gas Company to determine the extent, if any, of Hope Natural Gas Company's claim to The Blackshere Lease. South Penn Oil Company and Hope Natural Gas Company were wholly-owned subsidiaries of the same parent company, whose headquarters were in the same building in Pittsburgh, Pennsylvania.

24. This adverse search was conducted despite the fact that counsel uncovered no instrument of record in Wetzel County indicating that (a) South Penn Oil Company conveyed any interest prior to the Cobham assignment, or (b) Hope Natural Gas acquired an interest in The Blackshere Lease from South Penn Oil Company or its successors-in-interest.

25. Counsel, at the time it conducted the title examination for Prima Oil Company, Inc. and Republic Partners VI, LP, was generally aware of the existence of an unrecorded 1922 Letter Agreement which purported to clarify and modify terms and provisions of an unrecorded 1902 Working Agreement between South Penn Oil Company and Hope Natural Gas Company.

26. Upon information and belief, South Penn Oil Company and Hope Natural Gas Company may have operated under an unrecorded Working Agreement dated on or about April 1, 1902. Said unrecorded Working Agreement is believed to have defined the rights of South Penn Oil Company and Hope Natural Gas Company in, and governed operations on, oil and gas leases in approximately fifteen unspecified counties in West Virginia.

27. In an October 1, 1922 Letter Agreement between South Penn Oil Company and Hope Natural Gas Company, the terms of the unrecorded Working Agreement appear to be modified.

28. It is unknown whether Wetzel County, West Virginia is one of the approximately fifteen unspecified counties which is covered by the original unrecorded Working Agreement and the unrecorded October 1, 1922 Letter Agreement.

29. Upon conducting an adverse search of Hope Natural Gas Company, counsel discovered the existence of a separate chain of title to The Blackshere Lease deriving from Hope Natural Gas Company.

30. Upon information and belief, EQT Corporation is a successor-in-interest to and derives title, if any, from the Hope Natural Gas Company Chain of title.

31. Upon information and belief, Emax Oil Company and James F. Scott, are successors-in-interest to and derive title, from an agreement dated November 18, 1968 between Pennzoil United, Inc., and James F. Scott. See Exhibit D, attached hereto and made a part hereof by reference for all purposes.

32. Prior to filing this Complaint, Plaintiffs and Emax Oil Company, through James F. Scott, entered into a written agreement regarding their respective ownership rights of specific subsurface mineral estates. Emax Oil Company's operations on Blackshere do not

impinge on Plaintiffs' desired use.  To the extent any of the facts or issues herein implicate Emax Oil Company, its rights to Blackshere will not be affected, regardless of the outcome of this matter.  As such, Emax Oil Company is not a necessary or indispensible party to this action.

33. Plaintiffs are presently operating approximately 22 oil and/or gas wells on The Blackshere Lease, having the following API numbers:  103-00601; 103-00606; 103-00609; 103-00608; 103-00929; 103-00930; 103-00931; 103-00932; 103-00934; 103-00935; 103-00936; 103-00937; 103-00938; 103-00939; 103-00940; 103-00941; 103-00942; 103-000943; 103-00944; 103-00945; and, 103-00946.

34. EQT Corporation is listed as the operator of record with the West Virginia Department of Environmental Protection Division of Oil and Gas of an abandoned oil and/or gas well and has not reported any oil or gas production with respect to said well since approximately April 2007.  Said well has an API number listed as 103-00701.

### Count I

### Quiet Title

35. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-34 above with the same force and effect as if fully set forth herein.

36. Plaintiffs derive title from the South Penn Oil Company chain of title.

37. The South Penn Oil Company chain of title is unbroken from the original lease of the oil and gas interests in 1892 to the Plaintiffs at present.

38. Prima Oil Company, Inc. was a bona fide purchaser for value of The Blackshere Lease.

39. Prima Oil Company, Inc. had no actual, constructive or record notice of any other competing interest in The Blackshere Lease at the time of its acquisition thereof.

40. There exist no adverse assignments or grants of record in the South Penn Oil Company chain of title that would put any third party purchaser on notice of a possible cloud to title.

41. Plaintiffs now seek to extract Marcellus Shale gas pursuant to a permit granted for the same, bearing permit number API-47-103-02615H.

42. The party(ies) holding rightful title to The Blackshere Lease can only be determined after title is quieted as to the interest in oil and gas only.

43. Plaintiffs seek a declaration of their rightful title to The Blackshere Lease.

## Count II

### Declaratory Judgment

44. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-43 above with the same force and effect as if fully set forth herein.

45. The West Virginia Uniform Declaratory Judgment Act, W.Va. Code 55-13-1, grants this Court the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

46. Conflicting claims and interests as to precious natural resources are proper matters of judicial consideration under the Declaratory Judgment Act. W.Va. Code 55-13-2, *Shobe v. Latimer*, 162 W.Va. 779 (1979).

47. Plaintiffs seek a declaration of their rightful title to The Blackshere Lease.

48. Plaintiffs seek a declaration that the South Penn Oil Company chain of title is unbroken and valid.

49. Plaintiffs seek a declaration that Prima Oil Company, Inc. was a bona fide purchaser for value of The Blackshere Lease.

50. Plaintiffs seek a declaration that Prima Oil Company, Inc. had no actual, constructive or record knowledge of any competing interest in the Blackshere property.

51. Without such declaration from this Court, Plaintiffs will remain uncertain as to their rights under The Blackshere Lease.

52. All parties who would be affected by such declaration are before this Court and are entitled to a determination of their rights by a court of law.

## Count III

### Adverse Possession

53. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-52 above with the same force and effect as if fully set forth herein.

54. In the event Plaintiffs are estopped from denying the validity of Defendant's chain of title, Plaintiffs, and Plaintiffs' predecessors-in-interest, have adversely possessed the acreage upon which they have routinely, continuously and systematically operated approximately 22 producing oil and/or gas wells, having the following API numbers: 103-00601; 103-00606; 103-00609; 103-00608; 103-00929; 103-00930; 103-00931; 103-00932; 103-00934; 103-00935; 103-00936; 103-00937; 103-00938; 103-00939; 103-00940; 103-00941; 103-00942; 103-000943; 103-00944; 103-00945; and, 103-00946.

55. Plaintiffs, or Plaintiffs' predecessor(s)-in-interest, have operated and produced the above mentioned oil and/or gas wells and acreage associated therewith since 1892, more than 119 years ago.

56. Plaintiffs, or Plaintiffs' predecessor(s)-in-interest, have operated and produced the above mentioned wells and acreage associated therewith adversely and/or hostilely

by exercising rights under The Blackshere Lease against the right of the true owner and inconsistent with the true owner since 1892, more than 119 years ago.

57. Operation and production has been actual and continuous as oil and gas have been produced from the wells, belonging to Plaintiffs, and Plaintiffs' predecessor(s)-in-interest, on Blackshere since 1892, more than 119 years ago.

58. Plaintiffs', and Plaintiffs' predecessor(s)-in-interest, operation of the above-mentioned wells has been open, visible and notorious as they have been producing gas and oil, having the respective apparatus and machinery upon the land and reporting the same since 1892, more than 119 years ago.

59. Plaintiffs', and Plaintiffs' predecessor(s)-in-interest, operation and production of the above-mentioned wells has been exclusive since 1892, more than 119 years ago.

60. Plaintiffs' operation and production of the above-mentioned wells and interest under The Blackshere Lease, generally, is under a claim of title or color of title deriving from the South Penn Oil Company chain of title.

## Count IV

## Complaint in Equity

61. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-60 above with the same force and effect as if fully set forth herein.

62. Plaintiffs, and Plaintiffs' predecessors-in-interest, have continuously produced oil and/or gas pursuant to The Blackshere Lease since prior to expiration of the primary term of the 1892 lease.

63. The lease under which Plaintiffs, and Plaintiffs' predecessors-in-interest, operated was transferred, assigned, sold or otherwise conveyed with no actual, constructive or record notice of competing interests and there existed no adverse assignments or grants of record in the South Penn Oil Company chain of title that would put any third party purchaser on notice of a possible cloud to title.

64. The original lease to South Penn Oil Company remains valid today based solely on Plaintiffs', and Plaintiffs' predecessors-in-interest, activity upon The Blackshere Lease.

65. If Defendant has any interest in The Blackshere Lease, it is because it has benefited from Plaintiffs', and Plaintiffs' predecessors-in-interest, continuous activity thereon.

66. If not for such continuous activity, The Blackshere Lease would have expired upon its own terms and any rights thereunder lost forever.

67. Moreover, EQT Corporation is listed as the operator of record with the West Virginia Department of Environmental Protection Division of Oil and Gas of an abandoned oil and/or gas well and has not reported any oil or gas production with respect to said well since approximately April 2007.

68. It is inequitable for EQT Corporation to benefit from periods of inactivity while Plaintiffs, and Plaintiffs' predecessors-in-interest, have borne the costs of operation to sustain their interest in The Blackshere Lease.

69. It is inequitable for EQT Corporation to benefit from a lease derived from outside of the rightful South Penn Oil Company chain of title.

70. Equity demands that Plaintiffs be found to hold sole interest to the oil and gas estate in the 3,800 acre tract known as Blackshere.

## Count V

## Trespass

71. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-70 above with the same force and effect as if fully set forth herein.

72. Under Plaintiffs unbroken chain of title from South Penn Oil Company, Plaintiffs have record ownership of the Blackshere Lease.

73. Upon information and belief, EQT operates, or has operated, on the Blackshere Lease, producing oil and/or gas from wells thereon.

74. Upon information and belief, EQT's has trespassed and continues to trespass on the mineral estate of Plaintiffs within and underlying the Blackshere property under the Blackshere Lease.

75. Upon information and belief, EQT has been wrongfully and unlawfully enriched by its trespass on the mineral estate within and underlying the Blackshere property under the Blackshere Lease in contravention of and derogation of the right, title and interest of Plaintiffs.

## Count VI

## Conversion

76. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-75 above with the same force and effect as if fully set forth herein.

77. Upon information and belief, EQT has wrongfully and unlawfully converted, and may continue to convert, oil and/or natural gas within and underlying the Blackshere property under the Blackshere Lease for their own benefit.

78. Upon information and belief, EQT has been wrongfully and unjustly enriched by their conversion of the oil and/or natural gas estate of Plaintiffs within and underlying the Blackshere property under the Blackshere Lease.

79. Upon information and belief, EQT's has willfully and wantonly converted the oil and/or natural gas estate of Plaintiffs within and underlying the Blackshere property under the Blackshere Lease by disregarding the record chain of title which indicates ownership in Plaintiffs.

## Count VII

### Waste

80. Plaintiffs incorporate by reference all the allegations contained in paragraphs 1-79 above with the same force and effect as if fully set forth herein.

81. Upon information and belief, EQT has committed waste as to the oil and/or natural gas within and underlying the Blackshere property under the Blackshere Lease.

82. Upon information and belief, EQT has acted with willful and wanton disregard for the rights, title and interest of Plaintiffs to the oil and/or natural gas within and underlying the Blackshere property under the Blackshere Lease.

WHEREFORE, Plaintiffs request judgment against the Defendant for:

(a) Judgment quieting title to Plaintiffs' Blackshere Lease entitling them to unfettered and uninterrupted enjoyment in the oil and gas estate subject to The Blackshere Lease;

(b) Declaratory judgment holding the interest of Plaintiffs deriving from the South Penn Oil Company chain of title is the valid and exclusive working interest under The Blackshere Lease;

(c) Declaratory judgment invalidating any interest in The Blackshere Lease potentially claimed by EQT Corporation;

(d) In the event this Court determines that EQT Corporation is the legal and rightful holder of an interest in the mineral estate underlying the Blackshere property, Plaintiffs request, in the alternative, judgment that Plaintiffs have adversely possessed the oil and gas estate subject to The Blackshere Lease; and

(e) A judgment in equity holding that Plaintiffs' interest in the oil and gas leasehold estate under The Blackshere Lease is superior to any other interest in the same;

(f) Ejectment of EQT from the mineral estate within and underlying the Blackshere property;

(g) Forfeiture of EQT's wells, gathering and transportation lines and other appurtenances located on the Blackshere property;

(h) Compensatory trespass damages including, but not limited to, the amount of damages incurred by Plaintiffs for the loss of its oil and/or natural gas;

(i) Compensatory conversion damages including, but not limited to, the amount of damages incurred by Plaintiffs for the loss of its oil and/or natural gas;

(j) An accounting of and for the wrongfully converted oil and/or natural gas;

(k) Compensatory waste damages including, but not limited to, the amount of damages incurred by Plaintiffs for the loss of its oil and/or natural gas;

(l) Treble damages pursuant to W. Va. Code § 37-7-4;

(m) An accounting of and for the wasted oil and/or natural gas;

(n) Punitive damages;

(o) Attorneys' fees and costs in prosecuting this action; and

(p) Such other, further and general relief as this Honorable Court may deem meet and proper.

        TRANS ENERGY, INC., REPUBLIC PARTNERS VI, LP, REPUBLIC ENERGY VENTURES, LLC, and PRIMA OIL COMPANY, INC.,
        Plaintiffs,

        By Counsel,

_____
Andrew G. Fusco [WVSB # 1317]
Kimberly S. Croyle [WVSB # 6021]
Dylan C. Lewis [WVSB # 10733]
Bowles Rice McDavid Graff & Love LLP
7000 Hampton Center
Morgantown, West Virginia  26505
Phone No. (304) 285-2500
Counsel for Plaintiffs

4395657.1