DECLARATION OF CONSIDERATION OF VALUE

Page 478

Under penalties of fine and imprisonment as provided by law, I hereby declare that the State of West Virginia is the Grantee herein and the transfer is exempt from West Virginia State Transfer Tax.

GRANTEE _Louis N. Fetzulter_
District Right of Way Agent
State Road Commission of
West Virginia

STATE OF WEST VIRGINIA, COUNTY OF WETZEL, TO-WIT:
OFFICE OF THE PRESIDENT OF THE COUNTY COURT OF WETZEL COUNTY
The foregoing deed ... was this ... December 16, 1959
at 8:31 A.M.
together with the certificate ... admitted to record

Teste: _Carl Stout_ Clerk
County Court of Wetzel County

Mail: 1-19-60 South Penn Oil Co., P.O. Box 1280, Parkersburg, W. Va.

THIS DEED, Made this 15th day of December, 1959, by and between SOUTH PENN NATURAL GAS COMPANY, a corporation organized and existing under the laws of the State of West Virginia, party of the first part, hereinafter sometimes referred to as Grantor, and SOUTH PENN OIL COMPANY, a corporation organized and existing under the laws of the State of Pennsylvania, authorized to do and doing business in the State of West Virginia, party of the second part, hereinafter sometimes referred to as Grantee;

WITNESSETH THAT:

WHEREAS, Grantor, by proper corporate action, has adopted a Plan of Complete Liquidation, hereinafter called Plan, pursuant to which all the property and assets of Grantor shall be distributed to Grantee, the owner of all the issued and outstanding shares of the capital stock of Grantor, in complete liquidation of Grantor and in complete redemption and cancellation of all the issued and outstanding shares of capital stock of Grantor; and

WHEREAS, It is the desire of Grantor and Grantee that, in pursuance of such Plan, Grantor shall execute this instrument for the purpose of conveying and transferring to and vesting in Grantee all property of Grantor, of whatsoever kind or character, howsoever existing, and wheresoever situate or located, tangible or intangible, real, personal and mixed, and every estate, right, title and interest of Grantor in and to such property and assets, and the full and complete use, benefit and enjoyment thereof, subject, however, to all the liabilities of Grantor, in order that there may not remain in Grantor any vestige of estate, right, title or interest, of any character whatsoever, in or to any property whatsoever;

NOW, THEREFORE, in consideration of the premises, and intending to be legally bound hereby, Grantor has granted, bargained, sold, conveyed, assigned, transferred and set over, and by these presents does grant, bargain, sell, convey, assign, transfer and set over unto Grantee, its successors and assigns, forever, all property in Wetzel County, West Virginia, of whatsoever kind or character, howsoever existing and wheresoever situate or located, tangible or intangible, real, personal and mixed, in or to which Grantor has or could have any estate, right, title or interest under any conceivable circumstances, and every estate, right, title and interest of Grantor therein and thereto, and the full and complete use, benefit and enjoyment thereof, with the appurtenances, subject to all restrictions, conditions, agreements, easements, licenses or privileges which are legally binding upon said property.

TO HAVE AND TO HOLD the same unto and for the use of Grantee, its successors and assigns, from and after midnight the 31st day of December, 1959, forever.

Grantor, for itself and its successors, covenants with Grantee, its successors and assigns, against all lawful claimants, the same and every part thereof to warrant and defend.

Grantor hereby constitutes and appoints Grantee, its successors and assigns, the true and lawful attorney or attorneys, irrevocable, of Grantor, with full power of substitution, for Grantor and in its name and stead or otherwise, but by and on behalf, at the expense and for the benefit of Grantee, its successors and assigns, (i) to demand and receive from time to time any and all the properties hereby assigned, transferred and conveyed, and to give receipts, releases and acquittances for or in any respect of the same or any part thereof; (ii) to collect, for the account of Grantee, its successors and assigns, all receivables of any character and any other items to be sold or transferred to Grantee as provided herein, and to endorse with the name of Grantor any checks or drafts received on account of any such receivables or other items; (iii) from time to time to institute and prosecute any and all proceedings at law, in equity, or otherwise which Grantee, its successors or assigns, may deem proper in order to

[illegible heavily faded lines] ... of any kind ... Grantor [illegible] conveyed, to [illegible] on [illegible] any and all actions, suits or proceedings in respect of any of said properties, and to do all such acts and things in relation thereto as Grantee, its successors or assigns, may deem advisable; (iv) to take all action which Grantee, its successors or assigns, may deem proper in order to provide for Grantee, its successors or assigns, the benefits under any claims, contracts, licenses, leases, commitments, sales orders or purchase orders hereby assigned where any required consent of another party to the assignment thereof hereunder has not heretofore been obtained; and (v) to make applications for and to prosecute and collect claims for any tax refunds which may be or become due to Grantor; and to file or refile such tax returns and reports on behalf of Grantor (including, without limitation, federal income tax returns and any and all amendments to tax returns and reports heretofore or hereafter filed) as Grantee, its successors or assigns, shall deem advisable. Grantor hereby declares that the appointment made and the powers granted hereby are coupled with an interest and are and shall be irrevocable by Grantor, its successors or assigns, or by its dissolution or in any manner or for any reason. Grantee, its successors and assigns, shall be entitled to retain for its or their own account any amounts collected pursuant to the foregoing powers, including any amounts payable as interest in respect thereof.

This Deed shall not constitute an assignment of any claim, contract, license, lease, commitment, sales order or purchase order if an attempted assignment of the same without the consent of the other party thereto would constitute a breach thereof or in any way affect the rights of Grantor thereunder. If such consent is not obtained, or if an attempted assignment would be ineffective or would affect Grantor's rights thereunder, so that Grantee would not in fact receive all such rights, Grantee, its successors or assigns, may act as attorney or attorneys for Grantor as provided in paragraph (i) hereof, in order to obtain for Grantee, its successors or assigns, the benefits under any such claims, contracts, licenses, leases, commitments, sales orders or purchase orders, which are not assigned hereby.

Grantor, for itself and its successors, further covenants with Grantee, its successors and assigns, that it will, upon the request of Grantee, its successors or assigns, execute and deliver to Grantee, its successors and assigns, such further instrument or instruments as may be necessary to confirm more effectually in Grantee, its successors and assigns, all or any of the property herein granted, bargained, sold, conveyed, assigned, transferred and set over to Grantee, its successors and

assigns.

IN WITNESS WHEREOF, SOUTH PENN NATURAL GAS COMPANY and SOUTH PENN OIL COMPANY have caused their corporate names to be signed and their corporate seals to be affixed hereto by their proper corporate officers thereunto duly authorized, the day and year first above written.

SOUTH PENN NATURAL GAS COMPANY

ATTEST:

By _____
Vice President

_____
Assistant Secretary

(CORPORATE SEAL)

SOUTH PENN OIL COMPANY

ATTEST:

By _____
Vice President

_____
Assistant Secretary

(CORPORATE SEAL)


$62.70

    
$1.10   $3.30   $8.80   $14.30   $62.70   $62.70

STATE OF WEST VIRGINIA,

COUNTY OF WOOD, to-wit:

I, Kenneth E. Gilbert, a Notary Public of said County, do certify that H. C. King, who signed the writing above bearing date the 15th day of December, 1959, for South Penn Natural Gas Company, has this day in my said County, before me, acknowledged the said writing to be the act and deed of said corporation.

My Commission expires April 5, 1965.

Given under my hand this 15th day of December, 1959.

_____
Notary Public

STATE OF WEST VIRGINIA,

COUNTY OF WOOD, to-wit:

I, Kenneth E. Gilbert, a Notary Public of said County, do certify that G. Allan Reid, who signed the writing above bearing date the 15th day of December, 1959, for South Penn Oil Company, has this day in my said County,

before me, acknowledged the said writing to be the act and deed of said corporation.

My Commission expires April 5, 1965.

Given under my hand this 15th day of December, 1959.

_____<br>Notary Public

### DECLARATION OF CONSIDERATION OF VALUE

WETZEL COUNTY

Under penalties of fine and imprisonment as provided by law, it is hereby declared:

That the true and actual value of the property, the transfer of title to which by the document to which this declaration is appended is taxable under Article 21, Chapter 11, of the West Virginia Code (Acts of the West Virginia Legislature 1959, Chapter 172) is, based on knowledge and belief, $ 97,617.95 .

Executed this 15th day of December, 1959.

SOUTH PENN OIL COMPANY

By: _____
    Vice President

Grantee
P. O. Box 1280
(Union Trust Building)
Parkersburg, West Virginia

STATE OF WEST VIRGINIA, COUNTY OF WETZEL, TO-WIT:
OFFICE OF THE CLERK OF THE COUNTY COURT OF WETZEL COUNTY

The foregoing paper writing was this day December 16, 1959 at 2:22 P.M., presented for record in my office, and thereupon together with this certificate hereto annexed, is admitted to record.

Teste: _____ Clerk
County Court of Wetzel County