Case 1:11-cv-00075-FPS-JES Document 90-5 Filed 09/05/12 Page 1 of 7 PageID #: 462

491

DB 246




A 059128    A 059129

DECLARATION OF CONSIDERATION OF VALUE

Under penalties of fine and imprisonment as provided by law, I hereby declare:

The total consideration paid for the property conveyed by the document to which this declaration is appended is $ 900.00

*Dorothy Smith*

W. E. LEMON
ATTORNEY AT LAW
NEW MARTINSVILLE, W. VA.

This instrument prepared by W. E. Lemon, Attorney at Law, New Martinsville, W. Va.

STATE OF WEST VIRGINIA, COUNTY OF WETZEL, TO-WIT:
OFFICE OF THE CLERK OF THE COUNTY COURT OF WETZEL COUNTY.

The foregoing paper writing was this day _April 16th_, 19_68_ at _4:28 PM_ presented for record in my office, and thereupon, together with the certificate thereto annexed, is admitted to record.

Teste: _Pearl Fier_ Clerk.

County Court of Wetzel County

Mail: 5-7-68 Woodroe Kizer & Steed 1400 Union Bldg Charleston 1 W Va

1968

## GENERAL CONVEYANCE, ASSIGNMENT AND TRANSFER

491

KNOW ALL MEN BY THESE PRESENTS, THAT:

20-131-35

    WHEREAS, provision for the making of the Joint Plan and Agreement of Consolidation dated as of February 9, 1968 of Pennzoil Company, a Pennsylvania corporation (Pennzoil), and United Gas Corporation, a Delaware corporation (United), to form Pennzoil United, Inc. under the laws of the State of Delaware (Pennzoil United), was made in the Plan dated February 9, 1968 of Pennzoil and United pursuant to Section 11(e) of the Public Utility Holding Company Act of 1935 (Plan) filed with the Securities and Exchange Commission, which Plan was approved by order of the Securities and Exchange Commission dated February 21, 1968 pursuant to Section 11(e) of the Public Utility Holding Company Act of 1935 and enforced, as provided in the Public Utility Holding Company Act of 1935, by decree of the United States District Court for the District of Delaware made and dated March 22, 1968; and

    WHEREAS, the Joint Plan and Agreement of Consolidation was executed by the proper officers of Pennzoil and of United and was filed and recorded on March 22, 1968, in accordance with the corporation laws of the State of Delaware and the Commonwealth of Pennsylvania, in the office of the Secretary of State of the State of Delaware and in the office of the Department of State of the Commonwealth of Pennsylvania, to become effective on April 1, 1968; and

492

WHEREAS, upon such consolidation becoming effective on April 1, 1968, Pennzoil United, pursuant to said corporation laws, will possess all the rights, privileges, powers and franchises of a public as well as of a private nature of both Pennzoil and United and all property, whether real, personal or mixed, belonging to such corporations shall be vested in Pennzoil United; and

WHEREAS, it is desired to further evidence the passage of title of the properties of Pennzoil to and unto Pennzoil United;

NOW, THEREFORE, Pennzoil, in consideration of the premises, does hereby grant, bargain, sell, convey,

transfer, assign, set over and deliver unto said Pennzoil United all and singular the properties, assets and rights of Pennzoil wheresoever situated, including but not limited to, those situated in the states of Alabama, Alaska, Arizona, California, Colorado, Delaware, Florida, Georgia, Illinois, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Missouri, Montana, Nevada, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Tennessee, Texas, Virginia, Washington and West Virginia in the United States of America and those situated in the provinces of Alberta, British Columbia, Manitoba, Ontario, Quebec and Saskatchewan in Canada (i) as shown by the records of the counties or parishes of said states and the records of said provinces and (ii) whether or not shown of record in said states and provinces, including particularly, but without limiting the generality of the foregoing, and regardless of whether situated in the aforementioned states, provinces or elsewhere, all real estate, real property and interests of every kind in real property, all oil and gas leasehold estates and rights and interests in oil and gas leases, all oil, gas and other minerals, all mineral rights and interests and all royalty, overriding royalty, production payments, carried, working and net profits interests, and all other interests payable out of or on account of oil, gas, other hydrocarbons and/or mineral production, all rights of way, easements, permits, licenses, plants, refineries, pumps, compressors, towers, units, buildings, warehouses and other structures, all oil wells, gas wells, water wells, injection wells, well equipment, tanks, tank cars, pipelines, valves and other fittings and equipment for gathering, storing, treating, handling, transporting or transmitting oil, gas, liquid petroleum gas, other hydrocarbons, other petroleum products, or other minerals, loading racks, terminals, service stations, marketing equipment, leases, field and plant equipment and accessories, all oil, gas and other hydrocarbons, minerals and products in storage whether in surface tanks or underground, all underground storage of every character, all automobiles, trucks and other vehicular equipment, vessels, airplanes, office equipment, furniture, fixtures, supplies, inventories, goods, chattels, merchandise, equipment, tools, accessories and implements, all contracts, agreements and rights or interests in or under contracts, agreements and other securities, notes and accounts receivable, and other evidences of indebtedness and investment, cash on hand, bank deposits, insurance policies, claims, demands and causes of action of every nature, privileges, franchises, business and good will and other intangible assets, rights and benefits, all books, papers,

2.

files, records and other forms of personal property; together with all rights of Pennzoil to the name "Pennzoil Company"; and all other properties, assets and rights of Pennzoil of every kind, character and description, real, personal or mixed, situated in the United States of America, Canada or elsewhere owned by Pennzoil or to which it may be entitled.

TO HAVE AND TO HOLD all and singular the properties, assets and rights hereby transferred, assigned and conveyed or intended to be transferred, assigned and conveyed unto Pennzoil United, its successors and assigns forever. This General Conveyance, Assignment and Transfer is made with full substitution and subrogation of Pennzoil United in and to all covenants and warranties by others heretofore given or made in respect of said properties, assets and rights or any part thereof.

This instrument shall be effective for all purposes as of the effective date of consolidation of Pennzoil and United.

This General Conveyance, Assignment and Transfer may be executed in any number of counterparts, each of such counterparts shall for all purposes be deemed to be an original; and all such counterparts shall constitute but one and the same General Conveyance, Assignment and Transfer.

IN WITNESS WHEREOF, Pennzoil, the Grantor herein, has caused this instrument to be duly executed on this 1st day of April, 1968.

PENNZOIL COMPANY

ATTEST:

By _John D. Kirkland_
Vice President

_Assistant Secretary_

SIGNED, SEALED, EXECUTED AND ACKNOWLEDGED BY PENNZOIL COMPANY IN THE PRESENCE OF

This deed was prepared by Edgar J. Marston III of Baker, Botts, Shepherd & Coates, Attorneys at Law, Houston, Texas.

and

Edgar J. Marston III

STATE OF NEW YORK §

COUNTY OF NEW YORK §

(Alabama)  I, Rose L. Tammany, a Notary Public in and for said County in said State, hereby certify that John D. Kirkland whose name as a Vice President of Pennzoil Company, a corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation

(Alaska, Louisiana, Maryland, Michigan, Missouri and Tennessee)  On this 1st day of April, 1968 before me, appeared John D. Kirkland to me personally known, who, being by me duly sworn, did say that he is a Vice President of Pennzoil Company, a Pennsylvania corporation, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation and the instrument was signed and sealed on behalf of the corporation by

493

494

authority of its Board of Directors and that John D. Kirkland acknowledged the instrument to be the free act and deed of the corporation.

(Arizona, Colorado and Wyoming)

The foregoing instrument was acknowledged before me this 1st day of April, 1968 by John D. Kirkland, as a Vice President of Pennzoil Company, a Pennsylvania corporation.

(California)

On this 1st day of April in the year 1968 before me, Rose L. Tammany, a Notary Public of said State duly commissioned and sworn, personally appeared John D. Kirkland known to me to be the person who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the within instrument pursuant to the authority of its Board of Directors.

(Delaware)

Be It Remembered that on this 1st day of April A.D., 1968 personally came before me, Rose L. Tammany, a Notary Public for said County in said State, John D. Kirkland, a Vice President of Pennzoil Company, a corporation of the Commonwealth of Pennsylvania, party to the foregoing instrument, known to me personally to be such, and acknowledged the said instrument to be his own act and deed and the act and deed of said corporation; that the signature of said Vice President is his own proper handwriting; that the seal affixed is the common or corporate seal of said corporation; and that his act of sealing, executing and delivering said instrument was duly authorized by the Board of Directors of said corporation.

(Florida)

I hereby certify that on this day before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared John D. Kirkland and Edgar J. Marston III, to me known and known to me to be the persons described in and who executed the foregoing instrument, as a Vice President and an Assistant Secretary, respectively, of the corporation named therein, and severally acknowledged before me that they executed the same as such officers in the name and on behalf of said corporation.

(Georgia)

I, Rose L. Tammany, a Notary Public residing in the County and State aforesaid, do certify that John D. Kirkland, who is personally to me known and known to me to be a Vice President of Pennzoil Company, a Pennsylvania corporation, this day appeared before me personally and did acknowledge that he did sign, seal and deliver the foregoing instrument on behalf of said corporation of his own free will and accord and for the purposes therein named and expressed.

(Illinois)

I, Rose L. Tammany, a Notary Public in and for said County, do hereby certify that John D. Kirkland, personally known to me to be a Vice President of Pennzoil Company, a Pennsylvania corporation, and Edgar J. Marston III, personally known to me to be an Assistant Secretary of said corporation, and personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that as such Vice President and Assistant Secretary, they signed

and delivered the said instrument as a Vice President and as an Assistant Secretary of said corporation, and caused the corporate seal of said corporation to be affixed thereto, pursuant to authority, given by the Board of Directors of said corporation, as their free and voluntary act, and as the free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.

vol 495

(Kentucky)  I, Rose L. Tammany, a Notary Public in and for said County, do certify that on this day the foregoing instrument in writing from Pennzoil Company to Pennzoil United, Inc. was produced to me in my county by the parties and acknowledged and delivered before me by John D. Kirkland as a Vice President of Pennzoil Company, a corporation, party thereto, to be the act and deed of said corporation by him as one of its Vice Presidents, thereunto duly authorized and the seal of said corporation as affixed to said instrument, was attested and proven before me by Edgar J. Marston III, one of its Assistant Secretaries.

(Mississippi)  Personally appeared before me, a Notary Public in and for said County, the within named John D. Kirkland, a Vice President of Pennzoil Company, a Pennsylvania corporation, who acknowledged that he signed and delivered the foregoing instrument as a free act and deed of such corporation on the day and the year therein named.

(Montana)  On this 1st day of April in the year 1968, before me, Rose L. Tammany, a Notary Public in and for said County and State, personally appeared John D. Kirkland, known to me to be a Vice President of the corporation that executed the within instrument, and acknowledged to me that such corporation executed the same.

(Nevada)  On April 1, 1968 personally appeared before me, a Notary Public, John D. Kirkland, who acknowledged that he executed the above instrument on behalf of Pennzoil Company, a Pennsylvania corporation.

(New Mexico)  Before me appeared this date, John D. Kirkland, who, being by me duly sworn, did say that he is a Vice President of Pennzoil Company, a Pennsylvania corporation, and that the seal affixed to said instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and that said John D. Kirkland acknowledged said instrument to be the free act of said corporation.

(New York)  On this 1st day of April, 1968 before me personally came John D. Kirkland, to me known, who, being by me duly sworn, did depose and say that he resides at 10 Briar Oaks, Houston, Texas; that he is a Vice President of Pennzoil Company, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is the corporate seal; that it was so affixed by authority of the Board of Directors of said corporation; and that he signed his name thereto by like authority.

496

(North Carolina)	This 1st day of April, 1968, A.D. personally came before me, Rose L. Tammany, a Notary Public in and for said County, John D. Kirkland, who, being by me duly sworn, says that he is a Vice President of Pennzoil Company, and that the seal affixed to the foregoing instrument in writing is the corporate seal of said corporation and that said writing was signed and sealed by him in behalf of said corporation by his authority duly given, and John D. Kirkland acknowledged said writing to be the act and deed of said corporation.

(Ohio)	Before me, a Notary Public, in and for said County, personally appeared John D. Kirkland and Edgar J. Marston III, known to me to be the persons who, as a Vice President and an Assistant Secretary, respectively, of Pennzoil Company, the corporation which executed the foregoing instrument, signed the same, and acknowledged to me that they did so sign said instrument in the name and upon behalf of said corporation, as such officers, respectively; that the same is their free act and deed as such officers and the free and corporate act and deed of said corporation; that they were duly authorized thereunto by its Board of Directors; and that the seal affixed to said instrument is the corporate seal of said corporation.

(Oklahoma)	Before me, Rose L. Tammany, a Notary Public in and for said State, on this 1st day of April, 1968 personally appeared John D. Kirkland, to me known to be the identical person who subscribed the name of the maker thereof to the foregoing instrument as its Vice President and acknowledged to me that he executed the same as his free and voluntary act and deed and as the free and voluntary act and deed of such corporation for the uses and purposes therein set forth.

(Oregon)	April 1, A.D. 1968. Personally appeared John D. Kirkland, who, being sworn, stated that he is a Vice President of grantor corporation and that the seal affixed hereto is its seal and that this deed was voluntarily signed and sealed in behalf of the corporation by authority of its Board of Directors.

(Pennsylvania and South Dakota)	On this 1st day of April, 1968, before me, the undersigned officer, personally appeared John D. Kirkland, who acknowledged himself to be a Vice President of Pennzoil Company, a corporation, and that he, as such Vice President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as a Vice President.

(Texas)	Before me, a Notary Public in and for the County and State aforesaid, on this day personally appeared John D. Kirkland, known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be a Vice President of Pennzoil Company, a Pennsylvania corporation, and acknowledged to me that he executed said instrument for the purposes and consideration therein expressed and as the act and deed of said corporation.

(Virginia)	I, Rose L. Tammany, a Notary Public in and for the State and County aforesaid, do certify that John D. Kirkland and Edgar J. Marston III, whose names, as a Vice President and an Assistant Secretary of Pennzoil Company, are signed to the writing above, bearing date on the 1st day of April, 1968, have acknowledged the same before me in my County aforesaid.

(Washington)     On this 1st day of April A.D., 1968, before me personally appeared John D. Kirkland, to me known to be a Vice President of the corporation that executed the within and foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein authorized, and on oath stated that he was authorized to execute said instrument and that the seal affixed is the corporate seal of said corporation.

497

(West Virginia)     I, Rose L. Tammany, a Notary Public of said County, do certify that John D. Kirkland, who signed the writing above bearing date the 1st day of April, 1968, for Pennzoil Company, has in my said County, before me, acknowledged the said writing to be the act and deed of said corporation.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE

this 1st day of April, A. D. 1968.

_____
Rose L. Tammany
Notary Public,   State of New York
No. 31-3929725
Qualified in New York County
Commission Expires March 30, 1969

[Notary's Seal]

I, William M. Woodroe, a responsible person familiar with the transaction involved in the foregoing deed, do hereby declare that the transfer of real estate contained in the foregoing deed is not subject to West Virginia Excise Tax on the Transfer of Real Property for the reason that it is a deed made pursuant to a merger of two corporations.

_____
William M. Woodroe

STATE OF WEST VIRGINIA, COUNTY OF WETZEL, TO-WIT:
OFFICE OF THE CLERK OF THE COUNTY COURT OF WETZEL COUNTY
The foregoing paper writing was this day.. April 17th, 1968
at.. 9:37 A.M., presented for record in my office, and thereupon together with this certificate thereto annexed, is admitted to record.

Teste: _____ Clerk
County Court of Wetzel County