22-185-19

## DEED, ASSIGNMENT AND CONVEYANCE

PENNZOIL COMPANY, a Delaware corporation ("Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) cash and other good and valuable consideration to it in hand paid by PENNZOIL PRODUCTS COMPANY, a Nevada corporation whose address is Pennzoil Place, Houston, Texas 77252-2967 ("Grantee"), the receipt and sufficiency of which are hereby acknowledged, has granted, bargained, sold, conveyed, assigned, transferred, set over and delivered, and by these presents does hereby grant, bargain, sell, convey, assign, transfer, set over and deliver unto Grantee, effective as of 7:00 A.M. local time in effect at the location of each of the Real Property Interests (hereafter defined) on November 1, 1986, the following (the "Subject Property"):

(a)  all fee interests, easements, rights of way, leases, subleases and all other interests of whatever kind or character owned by Grantor in land situated in the States of Arizona, Connecticut, Delaware, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Massachusetts, Missouri, New Jersey, New York (excluding only those certain lands or interests in lands conveyed by Grantor to Richland Development Corporation by conveyance or assignment of even date herewith), Ohio, Oregon, Pennsylvania (excluding only those certain lands in Pennsylvania conveyed by Grantor to Richland Development Corporation by Deed, Assignment and Conveyance of even date herewith), Tennessee, Virginia, Washington, West Virginia (excluding only those certain lands in West Virginia conveyed by Grantor to Richland Development Corporation by Deed, Assignment and Conveyance of even date herewith), Wisconsin, or any of them, including but not limited to the lands and interests in lands

-1-

08FWHAQ/024A01

398

described in Exhibit A attached hereto and hereby made a part hereof (the "Real Property Interests") and any and all buildings and improvements of every type, kind and character situated upon the Real Property Interests;

(b)  all of Grantor's right, title and interest in, to and under, or derived from

(i)  all easements, rights of way, permits, licenses, servitudes or other interests appertaining to the Real Property Interests;

(ii)  all equipment and other tangible personal property (including but not limited to vehicles), fixtures and improvements situated upon the Real Property Interests or used or held for use in connection with the operation of or the conduct of business at or in connection with the Real Property Interests;

(iii)  all sales, purchase, exchange and processing contracts and agreements, transportation and charter agreements, gas purchase agreements, utility agreements, distributor agreements and all other contracts or agreements of whatever kind or character affecting or relating to the Real Property Interests or any part thereof, including but not limited to the contracts and agreements described in Exhibit B attached hereto and hereby made a part hereof; and

(iv)  all inventories of motor oil, gasoline and other hydrocarbon products and accounts receivable in connection with the sale of such hydrocarbon products;

This Deed, Conveyance and Assignment is made subject to all valid and subsisting restrictions, exceptions, reservations, conditions, encumbrances, interests, instruments and other matters of record, including but not limited

-2-

08FWHAQ/024A01

399

to the matters listed, described, set forth or referred to in Exhibits A and B attached hereto and hereby made a part hereof (the "Encumbrances").

TO HAVE AND TO HOLD THE Subject Property, subject to the Encumbrances, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, its successors, assigns and legal representatives forever; and Grantor does hereby bind itself and its successors and assigns to warrant and forever defend all and singular the Real Property Interests, subject to the Encumbrances, unto Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by through or under Grantor, but not otherwise.  This Deed, Assignment and Conveyance is made with full substitution and subrogation of Grantee in and to all covenants and warranties by others heretofore given or made with respect to the Subject Property or any part thereof.

So long as authorized by applicable law so to do, Grantor agrees to execute, acknowledge and deliver all and every such further acts, conveyances, notices, releases and acquittances and such other instruments as may be necessary or appropriate more fully to assure to Grantee or its successors or assigns, all of the properties, rights, titles, interests, estates, remedies, powers and privileges by this

-3-

08FWHAQ/024A01

400

instrument granted, bargained, sold, conveyed, assigned, transferred, set over and deliver, or otherwise vested in Grantee or intended so to be.

This instrument is being executed in several original counterparts, all of which are identical, except that, to facilitate recordations, there are omitted from certain counterparts those property descriptions in Exhibit A which contain descriptions of property located in recording jurisdictions other than the jurisdiction in which the particular counterpart is to be recorded.  Each of such counterparts shall for all purposes be deemed to be an original, and all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, Grantor has executed this instrument this 28th day of October, 1986.

PENNZOIL COMPANY

By _____
        Vice President
        N. J. Luke

ATTEST:
_____
Assistant Secretary

[Corporate Seal]

Executed by all parties in the presence of the undersigned competent witnesses:
_____
Witness Jennifer Miller
_____
Witness Billie L. McGee

-4-

08FWHAQ/024A01

3F401

```
STATE OF TEXAS        §
                      §
COUNTY OF HARRIS       §
```

BE IT REMEMBERED, that I, *Gail South*          , a
Notary Public duly qualified, commissioned, sworn and acting
in and for the County and State aforesaid, hereby certify
that on this 28th day of October, 1986:

There appeared before me N. J. Luke, residing at
13727 Rosa Lane, Houston, Texas 77079, a vice president of
Pennzoil Company, a Delaware corporation, a party to the
foregoing instrument.

(Arizona)          The foregoing instrument was acknowl-
edged before me on this day, by such person,
a vice president of Pennzoil Company, a
Delaware corporation.

(Arkansas)          Before me appeared in person the within
named person, to me personally well known,
who stated that he was a vice president of
Pennzoil Company, a Delaware corporation, and
was duly authorized in his capacity to exe-
cute the foregoing instrument for and in the
name and behalf of said corporation, and fur-
ther stated and acknowledged that he had so
signed, executed and delivered said foregoing
instrument for the consideration, uses and
purposes therein mentioned and set forth.

(California)          Before me personally appeared such per-
son, known to me to be the person who exe-
cuted the within instrument on behalf of the
corporation therein named, and acknowledged
to me that such corporation executed the
same.

(Colorado)          The foregoing instrument was acknowl-
edged before me this day by such person as a
vice president of Pennzoil Company, a
Delaware corporation.

(Connecticut)          Before me personally appeared such per-
son, a vice president of Pennzoil Company,
signer and sealer of the foregoing instru-
ment, and acknowledged the same to be his
free act and deed, and the free act and deed

-6-

08FWHAQ/024A01

402

of said Pennzoil Company, a Delaware corporation.

(Delaware)    This instrument was acknowledged before me on this day by such person, as a vice president of Pennzoil Company, a Delaware corporation.

(Florida)    The foregoing instrument was acknowledged before me this day by such person, a vice president of Pennzoil Company, a Delaware corporation, on behalf of the corporation.

(Georgia)    I do certify that such person, who is personally to me known, this day appeared before me personally and did acknowledge that he did sign, seal and deliver the foregoing instrument of his own free will and accord, as a vice president of Pennzoil Company, a Delaware corporation, for the purposes therein named and expressed.

(Idaho)    On this day before me personally appeared such person known or identified to me to be a vice president of the corporation that executed the above instrument or the person who executed the instrument on behalf of said corporation and acknowledged to me that such corporation executed the same.

(Illinois)    The foregoing instrument was acknowledged before me this day by such person, a vice president of Pennzoil Company, a Delaware corporation, on behalf of the corporation.

(Indiana)    Before me on this day personally appeared Pennzoil Company by such person, its vice president, and acknowledged the execution of the foregoing instrument.

(Iowa)    Before me on this day personally appeared such person, to me personally known, who being by me duly sworn did say that he is a vice president of Pennzoil Company, a Delaware corporation, that the seal affixed to said instrument is the seal of said corporation and that said instrument was signed and sealed on behalf of said corporation by authority of its board of directors and such person

-7-

08FWHAQ/024A01

403

acknowledged the execution of said instrument to be the voluntary act and deed of said corporation by it voluntarily executed.

(Kansas)        This instrument was acknowledged to me on this day by such person, as a vice president of Pennzoil Company, a Delaware corporation.

(Kentucky)       The foregoing instrument was acknowledged before me this day by such person, a vice president of Pennzoil Company, a Delaware corporation, on behalf of said corporation.

(Louisiana)       Be it known, that on this day before me personally came and appeared such person, to me personally known and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed, as a vice president of Pennzoil Company, a Delaware corporation and acknowledged the same as the free act and deed of said corporation, for the uses and purposes therein set forth and apparent.

(Maine)        Before me on this day appeared the above-named person and acknowledged the foregoing instrument to be his free act and deed in his said capacity and the free act and deed of said corporation.

(Massachusetts)   Before me on this day appeared such person, to me personally known, who, being by me duly sworn, did say that he is a vice president of Pennzoil Company, a Delaware corporation and that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and such person acknowledged said instrument to be the free act and deed of said corporation.

-8-

08FWHAQ/024A01

404

(Missouri)        Before me on this day appeared such per-
son, to me personally known, who, being by me
duly sworn, did say that he is a vice presi-
dent of Pennzoil Company, a Delaware corpora-
tion, and that the seal affixed to said
instrument is the corporate seal of said cor-
poration, and that said instrument was signed
and sealed in behalf of said corporation by
authority of its board of directors, and such
person acknowledged it to be the free act and
deed of said corporation.

(Nevada)          On this day personally appeared before
me such person, known to me to be a vice
president of Pennzoil Company, a Delaware
corporation, who acknowledged that he exe-
cuted the above instrument.

(New Jersey)      Be it remembered that on this day, in
the County and State aforesaid, before me,
the subscriber, a Notary Public authorized to
take acknowledgements and proofs in said
County and State, personally appeared such
person, to me known, who being by me duly
sworn according to law, on his oath does
depose and make proof to my satisfaction that
he is a vice president of and well knows the
seal of the Pennzoil Company, that the seal
affixed to said instrument is the corporate
seal of said corporation, and that it was so
affixed by virtue of authority from the board
of directors of said corporation, and such
person acknowledged it to be the free act and
deed of said corporation.

(New York)        Before me personally came such person,
to me personally known, and being by me duly
sworn, did depose and say that he resides at
the address set forth below his name and is a
vice president of Pennzoil Company, a Delaware
corporation and that said corporation is
described in and executed the above instru-
ment; that he knows the seal of the corpora-
tion; that the seal affixed to such instrument
is such corporate seal; that is was so affixed
by order of the Board of Directors of the
corporation; and that he signed his name
thereto by like order and that the instrument
was the free act and deed of the corporation.

-9-

08FWHAQ/024A01

405

(Ohio)          Before me, a notary public in and for said county, personally appeared such person, known to me to be the person who, as a vice president of Pennzoil Company, a Delaware corporation, the corporation which executed the foregoing instrument, signed the same, and acknowledged to me that he did so sign said instrument in the name and upon behalf of said corporation as vice president; that the same is his free act and deed as such officer, and the free and corporate act and deed of said corporation; that he was duly authorized thereunder by its board of directors; and that the seal affixed to said instrument is the corporate seal of said corporation.

(Oregon)        This instrument was acknowledged before me on this day by such person as a vice president of Pennzoil Company, a Delaware corporation.

(Pennsylvania)  Before me personally appeared such person and acknowledged himself to be a vice president of Pennzoil Company, a Delaware corporation, and that he, as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as vice president.

(Tennessee)     Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared such person, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be a vice president of Pennzoil Company, the within named bargainor, a corporation, and that he as such vice president, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself as such vice president.

(Texas)         Before me on this day personally appeared such, person known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be a vice

-10-

08FWHAQ/024A01

406

president of Pennzoil Company, a Delaware corporation, and acknowledged to me that he executed said instrument for the purposes and consideration therein expressed, and as the act of said corporation.

(Utah)    On this day personally appeared before me such person, who, being by me duly sworn did say, that he is a vice president of Pennzoil Company, a Delaware corporation, and that said instrument was signed in behalf of said corporation by resolution of its board of directors, and said person acknowledged to me that said corporation executed the same.

(Virginia)    I, a Notary Public in and for the State and County aforesaid, do certify that such person, whose name as vice president of Pennzoil Company, a Delaware corporation, is signed to the writing above, has acknowledged the same before me on this day in my County aforesaid.

(Washington)    Before me on this day personally appeared such person, to me known to be a vice president of the corporation that executed the within and foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he was authorized to execute said instrument and that the seal affixed is the corporate seal of said corporation.

(West Virginia)    Such person has this day in my said County, before me, acknowledged the said instrument to be the act and deed of Pennzoil Company, a Delaware corporation.

(Wisconsin)    Before me, this day personally appeared such person, who acknowledged himself to be a vice president of Pennzoil Company, a Delaware corporation, and that he, as such vice president, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as vice president.

-11-

08FWHAQ/024A01

(Wyoming)                The foregoing instrument was acknowledged
                   before me by such person, a vice president of
                   Pennzoil Company, a Delaware corporation on
                   this day.

          IN WITNESS WHEREOF, I have hereunto set my hand
and official seal, in the County of Harris and State of
Texas, this 28th day of October, 1986.

                              _Gail South_____
                              Notary Public

                              GAIL SOUTH
                         Notary Public, State of Texas
                    My Commission Expires 2/14/88

                              -12-

08FWHAQ/024A01

403

# EXHIBIT A

## TO

### DEED, ASSIGNMENT AND CONVEYANCE

#### FROM

#### PENNZOIL COMPANY

##### TO

###### PENNZOIL PRODUCTS COMPANY

This Exhibit A contains specific descriptions of certain of the Real Property Interests which are referred to in paragraph (a) of this Deed, Assignment and Conveyance.

PART ONE and PART TWO of this Exhibit A set forth certain Real Property Interests owned by Grantor in fee and which are being hereby conveyed to Grantee. PART THREE of this Exhibit A sets forth certain Real Property Interests which are surface leases as to which the leasehold estates are owned by Grantor and being hereby conveyed to Grantee; such leases are identified by the name of the lessor, the term of the lease and the address of the leased premises.

PART FOUR of this Exhibit A sets forth certain Real Property Interests located in the States of New York, Pennsylvania and West Virginia, (i) either owned by Grantor in fee or as to which Grantor owns a leasehold interest, (ii) from which oil and/or gas ("Hydrocarbons") are being produced and (iii) which are being hereby conveyed to Grantee. In such PART FOUR of this Exhibit A, there is shown opposite a "Farm" number and name, under the heading "Net Revenue Interest," the interest of Grantor (expressed in decimals) in total production of Hydrocarbons produced and saved from and that accrues or is attributable to the relevant Farm after deducting all applicable royalties, overriding royalties, production payments and other payments out of production not owned by Grantor. The Farm designation denotes the interest of Grantor with reference to a single and unique royalty interest originating from one grantor or lessor (either leasehold or fee). All of the conveyances or leases to which the Farm designations relate are described in the pages immediately following the listing of Farms, by county. All recording references in PART FOUR of this Exhibit A are to the official records in the office of the county clerk or recorder of the counties in which the relevant Real Property Interests are situated.

### PART FOUR

411

PETROLEUM COMPANY
EASTERN DIVISION
PRODUCER'S PLACE

| 67 | WEST VIRGINIA |
| 105 | WETZEL |

| FARM | FARM NAME | DIVIDE INTEREST |
|---|---|---|
| 1008554 | WILEY LUCY | .937500 |
| 1008576 | WRIGHT JANE | .906250 |
| 1008550 | WRIGHT RACHEL | .875000 |
| 1009006 | ANDERSON ENOCH | .875000 |
| 1009005 | ANDERSON J M | .875000 |
| 1009020 | F M BARTLETT | 1.000000 |
| 1009024 | BARKER CATHERINE | .875000 |
| 1009028 | BARN TRACT | 1.000000 |
| 1009033 | BATSON ELIAS | .875000 |
| 1009049 | BLACKSHERE WELL & CO | .875000 |
| 1009056 | BRAST BROTHERS | .875000 |
| 1009069 | CAIN ANSON | .875000 |
| 1009095 | COX D H | .875000 |

LESTERN UTILIBINGS
PRODUCING ACREAGE

WEST VIRGINIA
WETZEL

47
103

| FARM | FARM NAME | REVENUE INTEREST |
|---|---|---|
| 1009388 | NEUMAN WILLIAM | .875000 |
| 1009389 | NORRIS D S | .875000 |
| 1009390 | NORRIS E V | .937500 |
| 1009391 | NORRIS J M | .937500 |
| 1009398 | O DEA PATRICK | .875000 |
| 1009412 | PENNICK BISHOP | .875000 |
| 1009413 | PETERSON B W | .937500 |
| 1009414 | PETERSON-CAMPBELL | .968750 |
| 1009415 | PETERSON-FAIRFIELD | .875000 |
| 1009418 | PITMAN J R | .875000 |
| 1009421 | POOL W D | .875000 |
| 1009432 | PRICE LM | .875000 |

PENN/OIL COMPANY
PRODUCING ACREAGE
EASTERN DIVISION

PAGE 197

STATE: WEST VIRGINIA

| LEASE NUMBER | LESSOR/LESSEE NAME | DATE OF LEASE YEAR-MO-DA | BOOK/PAGE RECORDED |
|---|---|---|---|
| COUNTY: HETZEL | | | |
| FEE: 02665-00 | LESSOR: HAUGHT, ANDREW, ET UX / LESSEE: SOUTH PENN OIL CO. | 1900-04-11 | BK.65 PG.139 |
| FEE: 02666-00 | LESSOR: CONWAY, W. M., ET UX / LESSEE: SOUTH PENN OIL CO. | 1901-06-11 | BK.81 PG.91 |
| FEE: 02676-00 | LESSOR: THE PARKER & EDWARDS OIL CO., ET AL / LESSEE: THE CARTER OIL CO. | 1917-05-10 | BK.9-A PG.633 |
| FEE: 02785-00 | LESSOR: WADE, JAMES, ET UX / LESSEE: H. L. SMITH | 1890-06-09 | BK.39, PG.251 |
| FEE: 02844-00 | LESSOR: WRIGHT, WM. M., ET UX / LESSEE: SOUTH PENN OIL COMPANY | 1897-07-08 | BK.53, PG.142 |
| LEASE: 09915-50 | LESSOR: STEVENS, JOHN, ET UX / LESSEE: SOUTH PENN OIL COMPANY | 1891-09-26 | BK.35 PG.356 |
| LEASE: 09915-51 | LESSOR: STEVENS, JOHN, ET UX / LESSEE: SOUTH PENN OIL COMPANY | 1891-09-26 | BK.35 PG.356 |
| LEASE: 10037-50 | LESSOR: BLACKSHERE, JNO., ET AL / LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10037-51 | LESSOR: BLACKSHERE, JNO., ET AL / LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10037-52 | LESSOR: BLACKSHERE, JNO., ET AL / LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10037-53 | LESSOR: BLACKSHERE, JNO., ET AL / LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10037-54 | LESSOR: BLACKSHERE, JNO., ET AL / LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |

420

PENNZOIL COMPANY
PRODUCING ACREAGE
EASTERN DIVISION

PAGE 198

STATE: WEST VIRGINIA

| LEASE INROLD | LESSOR/LESSEE NAME | DATE OF LEASE YEAR-MO-DA | BOOK/PAGE RECORDED |
|---|---|---|---|
| **COUNTY: WETZEL** | | | |
| LEASE: 10037-55 | LESSOR: BLACKSHERE, JNO., ET AL<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10037-56 | LESSOR: BLACKSHERE, JNO., ET AL<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-02-20 | BK.35 PG.547 |
| LEASE: 10052-50 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-51 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-52 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-53 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-55 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-55 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-56 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-57 | LESSOR: PETERSON, B. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10052-58 | LESSOR: PETERSON, R. WALKER, ET UX<br>LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |

PENNZOIL COMPANY
PRODUCING ACREAGE
EASTERN DIVISION

PAGE 199

STATE: WEST VIRGINIA

| LEASE NUMBER | LESSOR/LESSEE NAME | DATE OF LEASE YEAR-MO-DA | BOOK/PAGE RECORDED |
|---|---|---|---|

COUNTY: WETZEL

| LEASE: 10052-50 | LESSOR: PETERSON, B. WALKER, ET UX   LESSEE: SOUTH PENN OIL COMPANY | 1892-03-05 | BK.35, PG.588 |
| LEASE: 10060-50 | LESSOR: MORRIS, J.M., ET UX   LESSEE: SOUTH PENN OIL COMPANY | 1892-03-14 | BK.35 PG.572 |
| LEASE: 10137-50 | LESSOR: DAWSON, CASSEY A.   LESSEE: SOUTH PENN OIL COMPANY | 1892-02-16 | BK.36 PG.193 |
| LEASE: 10192-50 | LESSOR: ROBINSON, L. G., ET AL   LESSEE: SOUTH PENN OIL CO | 1892-03-23 | BK. 36, PG. 247 |
| LEASE: 10192-51 | LESSOR: ROBINSON, L. G., ET AL   LESSEE: SOUTH PENN OIL CO | 1892-03-23 | BK. 36, PG. 247 |
| LEASE: 10203-50 | LESSOR: MORRIS, D. S.   LESSEE: M. L. SMITH | 1892-02-24 | BK.36 PG.142 |
| LEASE: 10212-50 | LESSOR: RIGGS, M. A., ET UX   LESSEE: M. L. SMITH | 1892-02-24 | BK36 PG117 |
| LEASE: 10215-50 | LESSOR: HODGE, M. V., EXEC. & DEVISEE   LESSEE: M. L. SMITH | 1892-03-09 | BK36 PG245 |
| LEASE: 10253-50 | LESSOR: CAMPBELL, THOMAS, ET AL   LESSEE: SOUTH PENN OIL CO | 1892-04-09 | BK36 PG254 |
| LEASE: 10253-51 | LESSOR: CAMPBELL, THOMAS, ET AL   LESSEE: SOUTH PENN OIL CO | 1892-04-09 | BK36 PG254 |
| LEASE: 10253-52 | LESSOR: CAMPBELL, THOMAS, ET AL   LESSEE: SOUTH PENN OIL CO | 1892-04-09 | BK36 PG254 |
| LEASE: 10253-54 | LESSOR: CAMPBELL, THOMAS, ET AL   LESSEE: SOUTH PENN OIL CO | 1892-04-09 | BK36 PG254 |

430

CODE

47   State West Virginia

103   County Wetzel

1825   Field Wetzel County

Lease No.   48904-50

Well Name - Alfred Batson #2

| Lessor | Lessee | Date | Recorded Bk. - Pg. | Net Revenue Interest |
|---|---|---|---|---|
| Alfred Batson | Joseph Hartman, Jr. | 11-08-1898 | 56,496 | .0625   RI |

STATE OF WEST VIRGINIA, COUNTY OF WETZEL, TO-WIT.
OFFICE OF THE CLERK OF THE COUNTY COMMISSION OF
WETZEL COUNTY.
The foregoing paper writing was this day, _January 9th_
19__/81 at _9:13 A.M._ presented for the record
in my office, and thereupon, together with the certificate thereto
annexed, is admitted to record.

Teste: _Mary Lingerbeal_   Clerk,

County Commission of Wetzel County