**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**At Wheeling**

**TRANS ENERGY, INC., a**
**Nevada Corporation,**
**REPUBLIC PARTNERS VI,**
**LP, a Texas limited partnership,**
**REPUBLIC ENERGY VENTURES,**
**LLC, a Delaware Limited Liability**
**Company, and PRIMA OIL COMPANY,**
**INC., a Delaware Corporation,**

                    **Plaintiffs,**

                                        **CIVIL ACTION NO. 1:11-cv-00075**

**Vs.**

**EQT PRODUCTION COMPANY, a**
**Pennsylvania Corporation,**

                    **Defendant.**

**MOTION _IN LIMINE_ TO EXCLUDE ANY REFERENCE, EVIDENCE, OR**
**ARGUMENT RELATED TO PUNITIVE DAMAGES**

        COME NOW Plaintiffs Trans Energy, Inc., Republic Partners VI, LP, Republic

Energy Ventures, LLC and Prima Oil Company, Inc., by their counsel, Stuart A. McMillan,

Kimberly S. Croyle, Dylan C. Lewis, and Bowles Rice LLP, and respectfully move this Court to

exclude any reference, evidence, or argument related to punitive damages.  In support of the

foregoing motion, Plaintiffs state as follows:

        1.        While the sum of punitive damages is generally the province of the finder

of fact, a court must initially determine whether the evidence is even sufficient to warrant such a

consideration.  _Raines v. Faulkner_, 131 W.Va. 10, 48 S.E.2d 393 (1947).  Because EQT has not

provided any factual basis for punitive damages, the Court should exclude any later attempt to introduce, argue, or otherwise refer to punitive damages.

2.     As illustrated in the parties' respective pleadings and motions for summary judgment, the facts of this case do not support an award of punitive damages.  The West Virginia Supreme Court of Appeals has long recognized that a wrongful act done without malice constitutes no basis for punitive damages, and that in order to secure such damages, a party must be shown to have engaged in a willful, wanton, reckless or malicious act.  *Concerned Love One and Lot Owners Ass'n v. Pence*, 181 W. Va. 649, 383 S.E.2d 831 (1989); *Bennett v. Three-C Coal Company*, 180 W. Va. 665, 379 S.E.2d 388 (1989); *Tri-State Asphalt Product, Inc. v. McDonough Co.*, 182 W. Va. 757, 391 S.E.2d 907 (1990); *Raines v. Faulkner*, 131 W. Va. 10, 48 S.E.2d 393 (1947).

In determining whether or not an award of punitive damages is proper, it is not so much the particular act a party is accused of committing, but the motives and conduct in committing it which is to be considered as a basis of the award.  *See* William L. Prosser, *The Law of Torts*, at 11 (4th Ed. 1971) (emphasis added).  The substantive law of West Virginia is clear that the finder of fact may be asked to assess exemplary, punitive or vindictive damages only in actions where gross malice, oppression or wanton, willful, or reckless conduct affecting the rights of others appear.  Syl. pt. 1, *Wells v. Smith*, 172 W. Va. 97, 297 S.E.2d 872 (1982) (overruled on other grounds); *Painter v. Raines Lincoln Mercury, Inc.*, 174 W. Va. 115, 323 S.E.2d 596 (1984); *Muzelak v. King Chevrolet, Inc.*, 179 W. Va. 340, 368 S.E.2d 710 (1988).

In Counts II through IV of EQT's Counterclaim [Docket 9] , EQT requests that the Court award punitive damages for an alleged bad faith trespass, unlawful conversion of

natural gas, and willful and wanton disregard for the EQT's claimed rights.  EQT's requests for punitive damages are tenuous at best.

As the pleadings and the parties' respective motions for summary judgment make absolutely clear, the Plaintiffs and Defendant EQT have jointly operated on the Blackshere property under separate claims of title thereto.  Plaintiffs have claimed their title based upon the recorded documents found in the Office of the Clerk of the County Commission of Wetzel County, and based upon their predecessors' historical gas and oil operations on Blackshere. Alternatively, EQT bases its claim upon a 1965 wild deed that purports to transfer an interest in Blackshere that cannot be traced to the original leasehold grant in 1892.  Thus, to the extent any party to these proceedings could be charged with bad faith or disingenuous conduct even approaching the necessary factual predicate for punitive damages, it is certainly not the Plaintiffs, whose chain of title has been properly admitted to record since the original conveyance in 1892.

3.    Moreover, EQT has not offered a shred of evidence at this juncture to support a conclusion that the Plaintiffs' actions were performed maliciously.  Malice is an essential and controlling factor for the recovery of punitive damages.  *See Michie's Jurisprudence* § 66, Damages (1991 supp.).

4.    To the extent that EQT presents evidence tending to support an award of punitive damages, the Court should bifurcate the punitive damages issue from liability and compensatory damages.  *See* Rule 42(b) of the Federal Rules of Civil Procedure.  Bifurcation would occur as follows:  During the first phase, liability and compensatory damages issues would be determined.  If, during the first phase, the finder of fact finds liability and awards

compensatory damages, the finder of fact would be asked separately to decide whether Plaintiffs' conduct arose to the predicate necessary for the imposition of punitive damages. Should the finder determine that issue in the affirmative, it would then be asked to decide in phase two whether to award punitive damages. If the finder so decides to award punitive damages, it would then be asked to determine the amount of punitive damages. This is undoubtedly the most equitable method of avoiding unfair prejudice in the presentation of evidence.

5. One of the most compelling reasons for bifurcation is the avoidance of prejudice, "as where evidence admissible only on a certain issue may prejudice a party in the minds of the jury on other issues." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2388, at 281 (1971). The use of a bifurcated trial procedure will prevent any evidence related solely to punitive damages from unfairly coloring the finder of fact's determination of liability and compensatory damages. A bifurcated trial procedure will not prejudice the Plaintiffs or Defendant EQT in any way. In fact, it may allow them to avoid unnecessary and cumulative evidence if the finder of fact finds no basis for punitive damages.

For these reasons, and those that may be apparent to the Court, Plaintiffs respectfully request that this Court issue an Order precluding EQT and its counsel from offering or eliciting any evidence or testimony, or making any argument or other reference, relating to punitive damages. If EQT nevertheless satisfies the factual predicates for a punitive damage award, the punitive damages issue should be bifurcated from the determination of liability and compensatory damages, so as to preserve fairness and economy for the parties to these proceedings.

TRANS ENERGY, INC.,
REPUBLIC PARTNERS VI, LP,
REPUBLIC ENERGY VENTURES,
LLC, and PRIMA OIL COMPANY,
INC.

By Counsel.

BOWLES RICE LLP

/s/ Stuart A. McMillan
    Stuart A. McMillan [WVSB #6352]
    Kimberly S. Croyle [WVSB # 6021]
    Dylan C. Lewis [WVSB # 10733]
    7000 Hampton Center
    Morgantown, West Virginia  26505
    Phone No. (304) 285-2500
    Fax No. (304) 594-1181

    *Counsel for Trans Energy, Inc., Republic Partners VI, LP,
    Republic Energy Ventures, LLC and Prima Oil Company,
    Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**At Wheeling**

**TRANS ENERGY, INC., a**
**Nevada Corporation,**
**REPUBLIC PARTNERS VI,**
**LP, a Texas limited partnership,**
**REPUBLIC ENERGY VENTURES,**
**LLC, a Delaware Limited Liability**
**Company, and PRIMA OIL COMPANY,**
**INC., a Delaware Corporation,**
           **Plaintiffs,**

                                        **CIVIL ACTION NO. 1:11-cv-00075**

**Vs.**

**EQT CORPORATION, a**
**Pennsylvania Corporation,**
           **Defendant.**

## CERTIFICATE OF SERVICE

        The undersigned counsel for Plaintiffs, Trans Energy, Inc., Republic Partners VI,

LP, Republic Energy Ventures, LLC, and Prima Oil Company, Inc., hereby certifies that the

foregoing **Motion *in limine* to Exclude Any Reference, Evidence, or Argument Related to**

**Punitive Damages** was electronically filed with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to Ramonda C. Lyons at rlyons@lgcr.com and

Richard L. Gottlieb at rgottlieb@lgcr.com.

Dated this 21st day of September 2012.

                            /s/  Stuart A. McMillan
                            Stuart A. McMillan [WVSB #6352]
                            Kimberly S. Croyle [WVSB # 6021]
                            Dylan C. Lewis [WVSB # 10733]
                            BOWLES RICE LLP
                            7000 Hampton Center
                            Morgantown, West Virginia  26505
                            Phone No. (304) 285-2500
                            Fax No. (304) 594-1181