IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRANS ENERGY, INC.,
a Nevada corporation,
REPUBLIC PARTNERS VI, LP,
a Texas limited partnership,
REPUBLIC ENERGY VENTURES, LLC,
a Delaware limited liability company
and PRIMA OIL COMPANY, INC.,
a Delaware corporation,

    Plaintiffs,

v.                                      Civil Action No. 1:11CV75
                                                 (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO COMPLETE DISCOVERY AND DEFER
CONSIDERATION OF PLAINTIFFS' ANTICIPATED
MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE ANY REFERENCE, EVIDENCE OR
ARGUMENT RELATED TO PUNITIVE DAMAGES**

    I.    Background

This civil action arises from the parties' competing claims of interest in the gas rights of a 3,800 acre plot of land located in Wetzel and Doddridge Counties, West Virginia ("Blackshere"). On February 20, 1892, John Blackshere and South Penn Oil Company ("South Penn"), which would later become Pennzoil Products Company ("Pennzoil"), entered into an oil and gas lease covering Blackshere ("the Blackshere Lease"), and recorded the lease in the office of the Clerk of the County Commission of Wetzel County. In 1901 and

1902, South Penn entered into indentures with Carnegie Natural Gas Company ("Carnegie") and Hope Natural Gas Company ("Hope"), which purported to sever South Penn's natural gas and oil rights in the Blackshere Lease, giving Carnegie the gas rights to 250 acres of Blackshere, and Hope the gas rights to the remaining acres of the leasehold. At the time that the indenture, or working agreement, was entered into with Hope in 1902, Hope and South Penn were both wholly-owned subsidiaries of Standard Oil Company. Neither of these indentures were ever recorded. It is uncontested that defendant EQT Production Company ("EPC") succeeded Hope and Carnegie in whatever interest was conveyed to them by South Penn through those unrecorded 1901 and 1902 indentures. EPC owns and operates two Marcellus Shale gas wells on the Blackshere property, which are registered as operated by EPC with the West Virginia Department of Environmental Protection ("WV DEP").

In 1996, Pennzoil[1] assigned its rights in the Blackshere Lease to Cobham Gas Industries, Inc. ("Cobham"). This assignment was recorded in the office of the Clerk of the County Commission of Wetzel County. In 2004, Prima Oil ("Prima"), a wholly-owned subsidiary of Trans Energy, Inc. ("Trans Energy"), acquired all of

---

[1]As alluded to above, South Penn acquired a controlling stake in Pennzoil Company in 1925. In 1963, South Penn merged with Zapata Petroleum and Stetco Petroleum to become a new Pennzoil Company. See Pennzoil Company, Encyclopedia Britannica Online, http://www.britannica.com/EBchecked/topic/450222/Pennzoil-Company (last visited October 18, 2012).

2

Cobham's interest in the Blackshere Lease through a Confirmatory Assignment and Bill of Sale also recorded with the Clerk of the County Commission of Wetzel County. On December 1, 2008, by conveyance recorded in the office of the Clerk of the County Commission of Wetzel County, Trans Energy and Prima Oil assigned a portion of their rights to the Blackshere Lease to Republic Energy Ventures, LLC.

In early 2011, Trans Energy was granted a permit by the WV DEP to drill a new Marcellus Shale gas well on the Blackshere property, at which point Prima Oil and Republic Partners engaged counsel to perform a title examination into its interest in the Blackshere Lease. This title examination yielded EPC's competing interest in the lease resulting from the unrecorded Hope indenture. Upon this discovery, the plaintiffs filed this civil action, seeking to quiet title on the Blackshere Lease and requesting declarations that plaintiffs have rightful title to the Blackshere Lease, that South Penn/Pennzoil's chain of title is unbroken and valid, that Prima Oil was a bona fide purchaser for value ("BFP") of the Blackshere Lease and that Prima Oil had no actual, constructive or record knowledge of any competing interest in the Blackshere property when it acquired Cobham's interest in the same.

EPC answered, and also filed counterclaims seeking a declaration that it has a superior right, title and interest in and to the gas within and underlying the Blackshere property, and also

3

raising tort counterclaims for trespass, conversion and waste, and requesting compensatory, treble and punitive damages. The plaintiffs later filed an amended complaint which raised the same tort claims and also sought damages.

Following the close of discovery, the defendant filed a motion for continued discovery and asking this Court to defer consideration of the plaintiffs' not-yet-filed motion for summary judgment. Both the plaintiffs and EPC then filed cross-motions for summary judgment. All of these motions are now fully briefed. On October 16, 2012, the parties came by counsel before this Court for the pretrial conference in this matter. At this conference, this Court indicated that EPC's motion to extend discovery and defer consideration of the motions for summary judgment would be denied. This Court also indicated its intention to grant the plaintiffs' motion in limine to exclude any reference, evidence or argument related to punitive damages. This memorandum opinion and order is in confirmation of the orders pronounced at that conference.[2]

---

[2]The motions for summary judgment, as well as a second motion in limine and motion to strike an affidavit attached to EPC's motion for summary judgment, both filed by the plaintiffs, and a motion filed by EPC seeking to supplement its motion for summary judgment are discussed in a separate memorandum opinion and order.

II. Discussion

A. Motion to extend discovery and defer consideration of the plaintiffs' anticipated motion for summary judgment

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, in the determination of motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56, courts may, upon a party's showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Pursuant to the amended scheduling order issued by this Court on July 31, 2012, all discovery closed in this matter on August 24, 2012. On September 4, 2012, EPC filed a motion for extension of time to complete discovery and to defer consideration of plaintiffs' anticipated motion for summary judgment.[3] In support of its motion to extend discovery, EPC claims that, on the last day of discovery, the plaintiffs provided supplemental documents and testimony which "significantly" impacts the case, and because it was submitted on the final day of discovery, EPC is precluded from

---

[3]The plaintiffs' motion for summary judgment was filed, pursuant to the scheduling order deadline, the following day: September 5, 2012.

5

pursuing additional discovery. EPC also asserts that testimony of Richard Starkey, the attorney who conducted a title search for the plaintiffs at the time that it obtained Cobham's interest in the Blackshere Lease, changed throughout this litigation, and EPC is unable to explore these changes. As a result of all of this, EPC asserts, it is unable to fully and effectively respond to the plaintiffs' motion for summary judgment. In response to this motion to extend discovery, the plaintiffs argue that the parties had ample time to conduct discovery in this case, and that EPC failed to do so. The plaintiffs claim that EPC simply seeks to delay trial of this matter.

This Court finds that EPC has failed to show good cause as to why this Court should extend discovery and defer consideration of the motions for summary judgment now filed and fully briefed. This Court recognizes that discovery disclosures were made on the final day of discovery, and that the discovery deadline within the scheduling order thus precluded EPC from further developing the information obtained at that late date. However, the disclosure of discovery documents and testimony on the final day of discovery is insufficient to show good cause to again extend discovery at this time. The discovery deadline in this matter was twice extended by motion of the parties, and the parties conducted discovery for over a year following this Court's first order and notice regarding discovery and scheduling, entered on July 14, 2011. This Court,

through its discretion in controlling the expeditious resolution of litigation before it, declines to further delay this case to extend a discovery period that took place for more than a year and that has already been twice extended. See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

B. <u>Motion in limine to exclude any reference, evidence, or argument related to punitive damages</u>

As explained above, this Court also indicated at the pretrial conference its intention to grant the plaintiffs' motion in limine to exclude any reference, evidence, or argument related to punitive damages. In support of this motion in limine, the plaintiffs asserted that EPC has failed, as of the time of the briefing of summary judgment motions, to present any information to support a finding that punitive damages are appropriate in this case. This Court agrees and thus will grant the plaintiffs' request to exclude all reference to punitive damages.

In order to provide a basis for punitive damages in a tort case, the requesting party must show that the defending party not only committed a wrongful act, but that that wrongful act was committed with malice, thus constituting a willful, wanton, reckless or malicious act. <u>Concerned Loved Ones and Lot Owners Ass'n of Beverly Hills Memorial Gardens v. Pence</u>, 383 S.E.2d 831 (W. Va. 1989). EPC argues that ample evidence existed on the record to support this burden, including that, the 1996 Memorandum

of Assignment and Bill of Sale from Pennzoil to Cobham "clearly and unambiguously conveyed the oil rights, and only the oil rights, associated with the Blackshere Lease," and that, despite this, Prima Oil failed to obtain a title opinion prior to operating natural gas wells on the Blackshere property. EPC also asserts that Prima Oil "ignored all red flags" in its due diligence in determining its rights under the Blackshere Lease, and instead "acted with reckless disregard to the rights of others as to the Blackshere Gas Leasehold Estate" in maintaining gas wells thereon.

However, as the record evidence shows, the Memorandum of Assignment and Bill of Sale referenced by EPC could be reasonably interpreted in a number of different ways which would give Cobham both oil and gas rights under the Blackshere Lease.[4] Further, EPC has failed to present any evidence which convinces this Court that any more than negligence on the part of the plaintiffs could be shown. Accordingly, as EPC has presented no evidence of willful or wanton wrongful acts on the part of the plaintiffs, this Court must grant the plaintiffs' motion in limine to exclude all reference to punitive damages.

### III. Conclusion

For the reasons stated above, EPC's motion for extension of time to complete discovery and defer consideration of the

---

[4]This issue is more fully discussed in this Court's memorandum opinion and order which rules upon the cross-motions for summary judgment filed by the parties to this case.

plaintiffs' anticipated motion for summary judgment (ECF No. 87) is DENIED.  The plaintiffs' motion in limine to exclude all reference to punitive damages (ECF No. 104) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 26, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
